Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| E.M.I. EQUITY MORTGAGE, INC., COMO AGENTE DE SERVICIO DE FORTALEZA EQUITY PARTNERS I, LLC<br><br>Demandante-Recurrida<br><br>v.<br><br>SUCESIÓN DE MARICIEL NATALI PELLICCI T/C/C MARICEL NATALI PELLICCI Y OTROS<br><br>Demandados<br><br>SUCESIÓN JENNY TORO SANTOS, ÁNGEL PIAZZA MATEO<br><br>Interventora-Peticionarios | KLCE202300935 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2022CV01844<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

En esta ocasión debemos ***desestimar*** el presente recurso de *certiorari* por los siguientes fundamentos.

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes del caso.

La *Sucesión de Jenny Toro Santos* (parte peticionaria) acude ante nos mediante el presente recurso legal. Nos solicita que revisemos la *Sentencia* dictada el **11 de abril de 2023**,[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Allí, se

---

[1] Notificada el 13 de abril de 2023.

determinó **Con Lugar** la demanda a favor de *E.M.I. Equity Mortgage, Inc* (parte recurrida). La aludida sentencia esbozó en la determinación de hecho número 9, lo siguiente:

> *9. Finalmente, se establece que de los escritos y los documentos presentados por la Sra. Jenny Toro Santos, no surge el derecho propietario que la parte que solicita intervención reclama. En ausencia de prueba que tienda a establecer el derecho o interés propietario de la parte que solicitó intervención, **mediante Resolución 14 de febrero de 2023, notificada el 16 de febrero de 2023,** este Tribunal declaró **No Ha Lugar la intervención** de la Sra. Jenny Toro Santos en el presente asunto, por no cumplir con la Regla 16 de Procedimiento Civil, supra, ni con ninguna de las disposiciones de la Regla 21 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 21.4 (2009), y por tanto no procede su solicitud. (énfasis nuestro).[2]*

Así, el **8 de junio de 2023**, la señora Jennifer Piaza Toro presentó una moción titulada: *URGENTE SOLICITUD DE RELEVO DE SENTENCIA AL AMPARO DE LA REGLA 49.2 DE LAS DE PROCEDIMIENTO CIVIL VIGENTE.[3]* En síntesis, alegó que la *Sentencia* estaba viciada por nulidad al no incluir una parte indispensable, lo que viola el debido proceso de ley. Por lo cual, solicitó que se dejara sin efecto la sentencia dictada.

Por su parte, el **5 julio de 2023**,[4] el TPI expresó: *"Nada que proveer. Ver Resolución emitida 14 de febrero de 2023, notificada el 16 de febrero de 2023".[5]*

Ante ello, el **4 de agosto de 2023**, la parte peticionaria recurrió ante este foro apelativo. Por su parte, el **5 de septiembre de 2023** la parte recurrida sometió una *Moción de Desestimación por Falta de Jurisdicción.*

**-II-**

Es norma reiterada en nuestro ordenamiento, que: *"los tribunales deben ser celosos guardianes de su jurisdicción y que no*

---

[2] Apéndice XIII de la Interventora - Peticionaria, pág. 47.; Véase, además, Apéndice XII de la Interventora - Peticionaria, pág. 40.

[3] Apéndice XIV de la Interventora - Peticionaria, págs. 53 – 56.

[4] Notificada el 7 de julio de 2023.

[5] Tomamos conocimiento judicial del dictamen a través de *SUMAC* [Entrada 55]. Sobre la *Resolución* del 14 de febrero de 2023 el TPI determinó: *"EXAMINADA LA SOLICITUD DE INTERVENCIÓN Y LA OPOSICIÓN A ESTA, SE DECLARA NO HA LUGAR LA INTERVENCIÓN DE LA SRA. JENNY TORO SANTOS EN EL PRESENTE ASUNTO." Véase,* Apéndice XII de la Interventora - Peticionaria, pág. 40.

*tienen discreción para asumir jurisdicción allí donde no la tienen".* [6] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[7] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[8]

En ese sentido, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso por cualquiera de las instancias allí dispuestas, la cual reseñamos a continuación, en lo pertinente:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
>
> *(1) que el Tribunal de Apelaciones carece de jurisdicción.*
> *[. . . ]*
>
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[9]

Nuestro Alto Foro Judicial ha indicado: *"[H]emos señalado, y hoy reiteramos, que las disposiciones reglamentarias sobre los recursos que se presentarán ante el Tribunal de Apelaciones se deben observar **rigurosamente**."*[10] En fin, las partes están **obligadas** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y **no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo***.*[11]

Un **recurso tardío**, al igual que uno prematuro, *"**adolece del grave e insubsanable defecto de privar de jurisdicción al***

---

[6] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[7] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

[8] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

[9] *Reglamento del Tribunal de Apelaciones*, 4 LPRA Ap. XXII-B, R. 83.

[10] *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011) citando *Arriaga v. FSE* 145 DPR 122, 129-130 (1998). *Véase, además, Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).; *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). *Énfasis nuestro.*

[11] *Id. Énfasis nuestro.*

*tribunal al cual se recurre"*, **por lo que debe ser desestimado**.[12] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[13]

**-III-**

Este tribunal carece de jurisdicción para atender el recurso epígrafe. Veamos.

Mediante *Resolución* del **14 de febrero de 2023 notificada el 16 del mismo mes y año**, el foro de instancia declaró *No Ha Lugar* la intervención de la parte peticionaria. Dicha parte, no recurrió de la referida resolución, por lo que ésta advino final y firme. Hoy, mediante el presente recurso de *certiorari*, intenta —tardíamente— reproducir los mismos argumentos que arguyó para que se le permitiera intervenir como parte con interés en este pleito. A todas luces, estamos ante un subterfugio que no alcanza lo meritorio.

Razón por la cual, resulta forzoso concluir que nos vemos privados de jurisdicción para atender el recurso en sus méritos ante su presentación tardía. En consecuencia, procede su desestimación.

**-IV-**

Por los fundamentos antes expresados, se ***desestima*** el presente recurso de *certiorari.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).; *SLG Szendrey-Ramos v. F. Castillo, supra*, pág. 883.
[13] *Id.*