ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO<br><br>Demandante-Apelante<br><br><br>V.<br><br><br>ALEJANDRO CINTRÓN JURADO Y OTROS<br><br>Demandados-Apelados | KLAN202300719 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo |
|---|---|---|
| | | Caso Núm.: FA2021CV00003 Salón: 301 |
| | | SOBRE: Accidente de Tránsito, Subrogación (Compañía de Seguros) |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

El 15 de agosto de 2023, la Cooperativa de Seguros Múltiples de Puerto Rico (Seguros Múltiples o Apelante) acudió ante este Tribunal, mediante recurso de apelación, y solicitó la revocación de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario) el 22 de junio de 2023, notificada al siguiente día. Por medio del referido dictamen, el TPI desestimó la causa de acción en daños y perjuicios instada en contra del Sr. Alejandro Cintrón Jurado (señor Cintrón Jurado o Apelado), por alegada falta de parte indispensable.[1]

El **16 de agosto de 2023**, emitimos una *Resolución* mediante la cual le concedimos hasta el jueves, 14 de

---

[1] El 10 de julio de 2023, Seguros Múltiples presentó una *Moción de Reconsideración*. Sin embargo, la misma fue declarada No Ha Lugar mediante *Resolución* emitida y notificada el 17 de julio de 2023. Véase, Apéndice del Recurso, págs. 68-70, 73.

Número Identificador

SEN2023_____

septiembre de 2023 al Apelado para que presentara su alegato en oposición al recurso de autos. Asimismo, ordenamos a la Apelante que acreditara, dentro del término de **cinco (5) días** de notificado nuestro dictamen interlocutorio, si notificó su apelación al TPI en el plazo dispuesto para ello por la Regla 14(B) de nuestro Reglamento,[2] so pena de desestimar su recurso.

El 13 de septiembre de 2023, el señor Cintrón Jurado compareció ante nos y, conforme se le había previamente ordenado, presentó su *Oposición a la Apelación* de epígrafe.

Transcurrido en exceso el término brindado a Seguros Múltiples para cumplir con nuestra Orden y contando con la comparecencia de ambas partes, procedemos a resolver.

-I-

El Tribunal Supremo de Puerto Rico ha resuelto que los reglamentos que disponen sobre la forma y presentación de los recursos ante los foros apelativos deben observarse rigurosamente.[3] El propósito de estas normas reglamentarias es facilitar el proceso de revisión apelativa y colocar al tribunal en posición de decidir correctamente los casos.[4] No obstante, nuestro Máximo Foro Judicial ha rechazado la interpretación y la aplicación restrictiva de todo requisito reglamentario cuando ello derrote el interés de que los casos se vean en sus méritos.[5]

Sin embargo, lo anterior no implica que una parte posee una licencia para soslayar de manera injustificada

---

[2] 4 LPRA Ap. XXII-B, R. 14(B).
[3] *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).
[4] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).
[5] *García Morales v. Mercado Rosario*, 190 DPR 632, 639 (2014).

el cumplimiento con nuestro Reglamento.[6] Así pues, las partes tienen el deber de observar fielmente las disposiciones reglamentarias establecidas por nuestro ordenamiento para la forma y presentación de sus peticiones. Su cumplimiento, bajo ningún concepto, queda al arbitrio de los comparecientes. Esta norma es de tal envergadura que, de no observarse las reglas referentes al perfeccionamiento de los recursos, el derecho procesal apelativo autoriza la desestimación de estos casos.[7]

La Regla 14(B) del Reglamento de este Tribunal de Apelaciones gobierna todo lo relacionado a la manera en que se debe presentar una apelación civil ante esta Curia. En lo relativo a la notificación al TPI sobre la presentación de estos recursos, la citada regla dispone que:

> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, **la parte apelante deberá notificar la cubierta o primera página del escrito de apelación debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las <u>setenta y dos (72) horas</u> siguientes a la presentación del escrito de apelación. Este término será de <u>cumplimiento estricto</u>**. (Énfasis y subrayado nuestro).[8]

Para que un Tribunal pueda prorrogar un término de cumplimiento estricto es necesario que la parte justifique su incumplimiento por haber mediado justa causa. De no acreditarse justa causa, el Tribunal no

---

[6] *Arriaga v. FSE*, 145 DPR 122, 130 (1998).
[7] *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008); Arriaga *v. FSE*, *supra*, pág. 131.
[8] 4 LPRA Ap. XXII-B R. 14 (B).

tiene discreción para prorrogar el término en cuestión.[9]

Así pues, un Tribunal puede eximir del requisito de:

> [O]bservar fielmente un término de cumplimiento estricto si están presentes dos (2) condiciones: (1) que en efecto exista justa causa para la dilación **(2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación** […]
>
> [L]os tribunales, antes de decretar la severa sanción de la desestimación del recurso, deben concederle a la parte que así lo asevera y reclama una oportunidad razonable de demostrar o evidenciar la justa causa requerida. (Énfasis nuestro).[10]

En *Soto Pino v. Uno Radio Group*, el Tribunal Supremo reiteró la importancia del cumplimiento con la notificación al Tribunal de Primera Instancia de la cubierta o primera página del escrito dentro del término de cumplimiento estricto, conforme lo dispuesto por la Regla 14(B) del Reglamento del Tribunal de Apelaciones.[11] En esa ocasión, nuestro más Alto Foro elaboró sobre la obligación del apelante, recurrente o peticionario de acreditar con razones válidas cualquier desviación de dicha regla. En particular, expresó que "[l]a parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto".[12] Si la parte no acredita dichas circunstancias, un tribunal no tiene discreción para prorrogar el término y, por tanto, no puede considerar el recurso.[13] No bastan meras vaguedades, excusas genéricas sin detalles, ni planteamientos estereotipados para satisfacer este requisito de mostrar justa causa.[14] "[S]in justa causa

---

[9] *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).
[10] *Id.*, pág. 565.
[11] *Soto Pino v. Uno Radio Group*, *supra*.
[12] *Id.*, pág. 92.
[13] *Id.*
[14] *Id.*, pág. 93.

el incumplimiento con un término de cumplimiento estricto no se puede 'subsanar'".[15]

**-II-**

En este caso, el recurso de apelación ante nuestra consideración se presentó el 15 de agosto de 2023 a las **11:04am.** Conforme a la Regla 14(B) de nuestro Reglamento, *supra*, Seguros Múltiples contaba con setenta y dos (72) horas a partir de dicho momento para notificar la cubierta o la primera página de su escrito -debidamente sellada con la fecha de presentación- a la Secretaría del TPI que emitió el dictamen impugnado. Dicho término reglamentario vencía el 18 de agosto de 2023 a la misma hora de presentación. No obstante, del Sistema Unificado de Manejo y Administración de Casos (SUMAC) surge que la Apelante notificó su apelación al foro primario el 18 de agosto de 2023 a las **3:24pm.**[16] Por lo cual, evidentemente, para ese entonces el término que esta tenía a su haber había transcurrido.

Así las cosas, correspondía a Seguros Múltiples justificarnos su incumplimiento con el término para notificar la presentación de su recurso al TPI, de manera que estuviésemos en posición de eximirle del cumplimiento estricto de este requisito reglamentario. Sin embargo, aunque el **16 de agosto de 2023** le dimos un término de cinco (5) días para que nos expresara si había cumplido o no con el mandato dispuesto en la Regla 14(B) de nuestro Reglamento, *supra*, al día de hoy esta no ha cumplido con nuestro requerimiento. Por lo cual, nos vemos forzados a desestimar su apelación, por no haberse

---

[15] *Id.*, pág. 96.
[16] Este documento fue obtenido de SUMAC; Entrada Núm. 56.

perfeccionado dentro de los términos reglamentarios establecidos para ello.

## -III-

Por los fundamentos previamente expuestos *desestimamos* el presente recurso de apelación, por incumplirse con los requisitos dispuestos por el Reglamento de este Tribunal de Apelaciones para su perfeccionamiento.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*