ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>GUARIONEX CANDELARIO RIVERA<br><br>Peticionario | KLCE202300952 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Casos Núm.:<br>JVI2016G0001 AL JVI2016G0006<br>JDC2016G0001 AL JDC2016G0003<br><br>Sobre:<br>ART. 93(c) (2 cargos), ART. 93(a) y ART. 156 (3 cargos) DEL CÓDIGO PENAL; ART. 5.15 LEY 404 (3 cargos) |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores

Rodríguez Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

El peticionario, señor Guarionex Candelario Rivera (peticionario), presentó su recurso por derecho propio y de forma *pauperis*, el 21 de agosto de 2023, recibido por nuestra Secretaría el 29 de agosto de 2023. Solicita que revoquemos una *orden* emitida el 24 de julio de 2023, y notificada el 26 de julio de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Ponce. La referida orden dispuso, en respuesta a una moción presentada por el peticionario, que "[s]e emitió Minuta Resolución el 13 de marzo de 2023, la cual fue notificada el 13 de abril de 2023".[1]

La parte recurrida, Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, presentó *Solicitud de Desestimación* del recurso. Señaló que el peticionario solicita la revisión de la

---

[1] Apéndice del recurso, pág. 36.

Número Identificador
RES2023_____

*Minuta Resolución* notificada el 13 de abril de 2023, cuyo término para acudir en revisión ante este Foro venció el 13 de mayo de 2023.

Evaluados los escritos, y por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción, al haberse presentado tardíamente.

I.

Según surge de los autos, el 20 de diciembre de 2016, el TPI dictó varias sentencias en contra del peticionario, imponiéndole pena de cárcel y el pago de la pena especial que establece la Ley Núm. 183 de 19 de julio de 1998, conocida como *Ley para la Compensación a Víctimas de Delito.*[2]

El 4 de abril de 2022, el peticionario presentó una *Moción en Solicitud para que se Exima del Pago de la Pena Especial Ley 183*, en la que solicitó que se le relevara del pago de la referida pena especial, por razón de falta de capacidad económica.[3] El 21 de abril de 2022, el TPI notificó la *orden* que rechazó de plano dicha solicitud.[4]

Ante ello, el 23 de mayo de 2022, el peticionario presentó una solicitud de reconsideración.[5] El TPI denegó la moción mediante resolución emitida el 7 de junio de 2022, y notificada el 8 de junio de 2022.

Inconforme con ese dictamen, el peticionario acudió ante este Foro mediante una petición de *certiorari*.[6] El 6 de diciembre de 2022, este foro intermedio revocó la determinación del TPI y ordenó la celebración de la vista que estipula la sección 6 de la Ley Núm. 34-2021[7] para aquilatar la solicitud de relevo del pago de la pena especial.

---

[2] *Íd.*, págs. 14-21.
[3] Apéndice del recurso, págs. 11-13.
[4] *Íd.,* pág. 6.
[5] *Íd.,* págs. 7-8.
[6] *Pueblo de Puerto Rico v. Guarionex Candelario Rivera*, KLCE202200749.
[7] Conocida como *Ley para la Imposición de la Pena Especial del Código Penal de Puerto Rico,* 4 LPRA, a la sec. 1666.

El TPI celebró la vista de indigencia el 13 de marzo de 2023. Conforme surge de la fundamentada *Minuta Resolución,* notificada el 13 de abril de 2023, el TPI denegó la solicitud de exención del peticionario y le impuso un plan de pago para saldar la pena especial.[8] En la referida *Minuta Resolución* se hizo constar, en lo pertinente, lo siguiente:

[…]

El Tribunal hace constar que se hizo petición por parte del convicto para que se eximiera del pago de los aranceles de la Ley 183. (…)

[…]

A preguntas del tribunal, informa el convicto que su solicitud está basada en que, aunque trabaja en la institución donde se encuentra confinado, se le imposibilita pagar los aranceles impuestos en la sentencia, toda vez que no devenga sueldo alguno. (…) Expresa que su casa fue saldada con un dinero que obtuvo de una demanda, no obstante, esa casa es hogar seguro para su familia. Señala que no recibe nada más.

[…]

El convicto expresa que la representación legal fue pagada por la Organización COPS y solicita que el Ministerio Público le facilite una copia de ese documento porque quiere tenerlo consigo. Este informa además que como parte de su expediente tiene el documento de una solicitud que hizo al tribunal Supremo donde fue declarado indigente.

[…]

Se admitieron como Exhibit por parte del convicto los siguientes documentos mencionados:

Exhibit 1   Solicitud para la Asignación de Representación Legal de Oficio.
Exhibit 2   Declaración en Apoyo de Solicitud para Litigar como Indigente (in forma pauperis).
Exhibit 3   Informe de transacciones del confinado (detallado) consta de 17 páginas.
Exhibit 4   Resolución del Tribunal Supremo de Puerto Rico, número de caso MC-2023-16, fechado 17 de febrero de 2023.
Exhibit 5   Resolución del Tribunal Apelativo, número KLAN201900784, fechado 6 de septiembre de 2019.[9]

---

[8] Apéndice del recurso, págs. 37-39. Este foro apelativo gestionó y obtuvo copia de la aludida *Minuta Resolución*, por haberse incluido de manera incompleta en el apéndice del recurso.
[9] El recurso fue desestimado por incumplir con los requisitos para su perfeccionamiento.

[…]

Escuchada la prueba que se ha presentado, testifical, documental y la solicitud que se ha hecho, así como se ha examinado el expediente de este caso, puede reconocer que hay alguna dificultad para hacer pagos de inmediato con relación al arancel de las penas especiales aquí impuestas, no obstante, se puede conceder un plan de pago para que el convicto se pueda beneficiar en relación con otras cosas administrativas que el Depto. de Corrección aplica a los confinados. Entiende que no aplica exonerar al convicto del pago de los aranceles, por lo que le impone un plan de pago con un término de 12 meses, para que pueda hacer los pagos correspondientes de los aranceles y esta resolución se notificará al Depto. de Corrección para que teniendo el convicto un plan de pago pueda ir beneficiándose de unas bonificaciones o lo que ellos entiendan administrativamente con el cumplimiento del mismo. No se imponen cantidades, tiene un periodo de 12 meses para cumplir con el pago de los aranceles especiales en cada uno de los casos, entendiendo que la sociedad legal de gananciales tiene capacidad económica para pagar en beneficio de la Ley 183 de Víctimas y Testigos.[10]

Así las cosas, el 6 de julio de 2023, el peticionario presentó una *Moción,* que el TPI atendió mediante la orden recurrida, notificada el 26 de julio de 2023, que dispuso que "[s]e emitió Minuta Resolución el 13 de marzo de 2023, la cual fue notificada el 13 de abril de 2023".[11] El peticionario no incluyó en el apéndice de su recurso la moción que originó dicha orden.

Inconforme con dicho dictamen, el 21 de agosto de 2023, el peticionario incoó el recurso que nos ocupa. Apuntó los siguientes señalamientos de error:

1. El T.P.I. erró al no reconocer la realidad económica del peticionario y su imposibilidad de pago de la pena especial.

2. El T.P.I. no reconoció el estatus de indigente que otros tribunales ya habían emitido sobre el peticionario.

3. El T.P.I. no resolvió conforme al *certiorari* ya emitido por este Honorable Tribunal.

En síntesis, repitió lo articulado en la vista celebrada ante el TPI el 13 de marzo de 2023; a decir, que carece de ingresos

---

[10] *Íd.*
[11] *Íd.,* pág. 36.

económicos, que la residencia que constituye el hogar familiar está protegida por el programa de hogar seguro, que la organización COPS pagó los honorarios de su abogado defensor y que evidenció las instancias en las que anteriormente se le ha autorizado a litigar como indigente.

## II.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[12] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[13]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[14]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso prematuro o tardío, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

---

[12] *Muñoz Barrientos v. ELA,* 2023 TSPR 105, 2023 TSPR 105, 212 DPR ___ (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al*, 204 DPR 89, 101 (2020).
[13] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).
[14] *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016).

El Artículo 4.006(b) de la *Ley de la Judicatura de 2003*, 4 LPRA sec. 24y(b), establece que este Tribunal conocerá de cualquier resolución u orden dictada por el Tribunal de Primera Instancia mediante *certiorari*. Por su parte, la Regla 32 (D) Reglamento del Tribunal de Apelaciones dispone que el recurso de *certiorari* para revisar una resolución del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento estricto.[15]

Con relación a los términos de cumplimiento estricto, el Tribunal Supremo ha expresado que, "el foro apelativo no goza de discreción para prorrogar tales términos automáticamente".[16] El tribunal "sólo tiene discreción para extender un término de cumplimiento estricto 'solo cuando la parte que lo solicite demuestre justa causa para la tardanza'".[17] En ausencia de justa causa, carecemos de discreción para prorrogar el término y acoger el recurso ante nuestra consideración.[18] La acreditación de la justa causa se cumple con explicaciones concretas y particulares, debidamente evidenciadas.[19]

Por último, la Regla 83 del Reglamento del Tribunal de Apelaciones[20] nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

III.

El peticionario solicita que revoquemos la *orden* emitida el 24 de julio de 2023, y notificada el 26 de julio de 2023, mediante la cual, en respuesta a una moción por él presentada, dispuso que "[s]e

---

[15] 4 LPRA Ap. XXII-B, R. 32 (D).
[16] *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).
[17] *Íd.*
[18] *Íd.*
[19] *Íd.*, pág. 565.
[20] 4 LPRA Ap. XXII-B, R. 83.

emitió Minuta Resolución el 13 de marzo de 2023, la cual fue notificada el 13 de abril de 2023". El peticionario no incluyó en el apéndice de su recurso la moción que originó esa orden.

No obstante, hemos hecho un análisis comparado de la *Minuta Resolución* notificada el 13 de abril de 2023 y los señalamientos de error del presente recurso. En la aludida *Minuta Resolución,* en la que el TPI denegó la solicitud del peticionario para que se le eximiera del pago de la pena especial, dicho foro esbozó los documentos y argumentos de las partes, así como los fundamentos para su determinación. Conforme surge de la relación de hechos apuntada en la primera parte de nuestra resolución, el peticionario repite los mismos argumentos evaluados y adjudicados por el TPI en la aludida *Minuta Resolución.*

La reglamentación aplicable establece que el peticionario contaba con un término de treinta (30) días para impugnar la *Minuta Resolución* notificada el 13 de abril de 2023. Dicho término venció el 13 de mayo de 2023.

Sin embargo, y sin articular justa causa alguna para ello, el peticionario instó su recurso de *certiorari* de manera tardía, el 21 de agosto de 2023. En ausencia de justa causa, carecemos de discreción para prorrogar el término y acoger el recurso ante nuestra consideración. Siendo así, nos encontramos privados de autoridad para examinarlo en sus méritos.

IV.

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción, al haberse presentado tardíamente.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones