Emilio Villaverde Gómez, etc., demandantes y recurridos, *v.* Levitt & Sons of Puerto Rico, Inc., y Leland Properties, Inc., demandadas y recurrentes.

*Número:* R-83-295    *Resuelto:* 22 de febrero de 1984

*Carlos M. Maldonado Casillas*, de *O'Neill & Borges*, abogado de las recurrentes; *Héctor Cuebas Tañón* y *Harold D. Vicente*, de *Lasa, Vicente, Jiménez & Escalera*, abogados de los recurridos.

SENTENCIA

En 1973, Levitt & Sons of Puerto Rico, Inc. (ahora Leland Properties, Inc.) ofreció al Sr. Emilio Villaverde, presidente y dueño de General Atlantic Millwork Corp., venderle 2 solares en la urbanización Levittown Lakes Industrial Park. Villaverde aceptó la oferta. Debido a que había que cederle a la Autoridad de Acueductos y Alcantarillados una parte indeterminada de uno de los solares —el solar núm. 8— se pospuso la venta y se otorgó un contrato de arrendamiento en 1974 sobre parte del terreno. En lo pertinente se estableció en este convenio que:

*"Right of First Refusal"*—In the event that the Demised Premises is offered for sale during the lease period, Tenant shall have the right of first refusal to purchase the said Demised Premises upon the same terms and conditions offered to the prospective purchaser, such right to be exercised by Tenant via registered mail within ten (10) days after receipt of notice from Landlord of the terms and conditions of the sale of the property to a prospective purchaser. Should the property be sold to Tenant under the right of first refusal hereinbefore established, all monies paid as rental by Tenant prior to the sale date will be credited as part of the purchase price.

En 1977, se iniciaron negociaciones entre Villaverde y el entonces presidente de Levitt, Rafael Torrens, encaminadas a llegar a un acuerdo de compraventa del solar núm. 8. El 30 de marzo de 1977, Torrens envió una carta a Villaverde en la que expresó:

Dear Mr. Villaverde:

This is to confirm our conversation of two days ago at which time we agreed to sell and you agreed to buy the referenced lot for the following terms:

| | | |
|---|---|---:|
| a. | sale price | $43,000.00 |
| b. | down payment | 10,000.00 |
| c. | Balance | 33,000.00 |
| d. | interest on balance per year | 7½% |
| e. | payment on balance to be made within 3 years | |

Presently our attorneys are working on the legal documents for the sale contract and mortgage on this property. The purpose of this letter is solely to assist you in the acquisition of the necessary funds for the down payment. (Exhibit 10.)

(Signed)

RAFAEL TORRENS

El 8 de julio de 1977, Villaverde escribió a James de Francia la siguiente carta para confirmar el acuerdo con Levitt:

Dear Jim:

As per our telephone conversation, I wish to confirm my agreement with Levitt & Sons of P. R., Inc. to purchase Lot #8

of the Levittown Industrial Park. I am attaching herewith a copy of the agreement letter given to me by Levitt & Sons. Also, as you may recall, on Oct. 1974, you and I entered into an agreement where I would have right of first refusal whenever you decided to sell this lot.

By the way, this is the lot which is affected by a severe zoning restriction because it is adjacent to the Sewage Treating Plant.

Please let me know if you should need additional information.

> Best personal regards
> Yours very truly
> Emilio Villaverde

El 2 de mayo de 1978, Villaverde envió otra carta al Sr. Federico Sánchez en la que señaló:

Dear Mr. Sánchez:

I hereby confirm our conversation in which I proposed to purchase

> Lot #8, Levittown Industrial Park
> Levittown Lakes, Toa Baja, Puerto Rico.

The price and terms to be as follows:

| | |
|---|---|
| Total selling price for the 9,819.8156 Sq. Mts. | $50,000.00 |
| Less: Total rent to be applied to purchase price | 17,500.00 |
| Net amount due | $32,500.00 |
| Down payment | 10,000.00 |
| Balance due | $22,500.00 |

The $22,500 balance is to be paid in four equal yearly installments; and shall accrue interest at the rate of 7½ per annum.

I trust this proposal meets with our approval.

> Sincerely,
> Emilio Villaverde

Levitt no aceptó esta oferta. Posteriormente notificó a Villaverde —el 13 de febrero de 1981— que estaba cancelando el contrato de arrendamiento.

Villaverde inició la presente acción sobre cumplimiento específico de contrato o daños o ambos, contra Levitt. El

tribunal de instancia dictó sentencia parcial que declaraba con lugar la demanda y ordenaba a los demandados a otorgar la correspondiente escritura de compraventa por el precio de $43,000, de los cuales el comprador ha pagado $41,000 por concepto de los cánones de arrendamiento que le ha pagado a Levitt. Se fundamentó en que Torrens, como presidente de Levitt, estableció mediante la antes transcrita carta del 30 de marzo de 1977, un contrato de promesa bilateral de compraventa, según lo dispuesto por el Art. 1340 del Código Civil, 31 L.P.R.A. sec. 3747.([1]) Habiéndose radicado oposición por los demandados, procedemos a resolver.

Los recurrentes señalan que la carta del 30 de marzo es una oferta que hizo Levitt a Villaverde y que éste aceptó, pero con una modificación a la oferta, mediante las comunicaciones del 8 de julio de 1977 y 2 de mayo de 1978 y que al no aceptar Levitt tales contraofertas, no se perfeccionó el contrato. No tiene razón. La carta del 30 de marzo no era una oferta, sino que reflejaba el acuerdo previo de compraventa entre las partes. Claramente surge de la comunicación que ya hay un acuerdo previo entre Levitt y Villaverde en cuanto a la cosa objeto del convenio —el solar núm. 8— y el precio a pagarse —$43,000— por lo que hay un contrato de compraventa perfeccionado. Art. 1339 del Código Civil, 33 L.P.R.A. sec. 3746.([2]) Según la propia carta sólo resta la consumación del acuerdo, pues falta que los abogados preparen los documentos para el contrato y la hipoteca. Por lo tanto, resolvió correctamente el tribunal de instancia al ordenarle a Levitt que otorgara la correspondiente escritura de compraventa a favor de los demandantes. La comuni-

([1]) En lo pertinente dispone:

"La promesa de vender o comprar, habiendo conformidad en la cosa y en el precio, dará derecho a los contratantes para reclamar recíprocamente el cumplimiento del contrato."

([2]) Dispone:

"La venta se perfeccionará entre comprador y vendedor, y será obligatoria para ambos, si hubieren convenido en la cosa objeto del contrato, y en el precio, aunque ni la una ni el otro se hayan entregado."

cación del 8 de julio sólo confirma dicho convenio y la otra, la del 2 de mayo de 1978, aunque es una modificación sugerida por Villaverde, no fue aceptada por Levitt, por lo que no se alteró el contrato perfeccionado. Éste subsiste como se acordó originalmente.

El segundo apuntamiento es que incidió el tribunal de instancia al concluir que debía descontarse del precio de venta lo que Villaverde había pagado por concepto de cánones de arrendamiento. Tiene razón. En la carta del 30 de marzo de 1977 que refleja el contrato de compraventa, no se menciona tal crédito. Puesto que no fue incluido tal crédito como parte del contrato, no puede Villaverde exigir ahora que se incluya. Dicha carta lo que demuestra es que las partes acordaron un contrato que no seguía lo mencionado en el convenio de arrendamiento. Prueba de ello es que no es hasta la carta del 2 de mayo de 1978 que Villaverde incluye esa suma como parte del precio. Por lo tanto, procede modificar la sentencia recurrida a esos efectos.

Se expide el auto y se modifica la sentencia dictada por el Tribunal Superior, Sala de Bayamón en el sentido de no acreditar a la recurrida, como parte del precio, los $41,000 pagados por cánones de arrendamiento.

Así lo pronunció y manda el Tribunal y certifica la señora Secretaria. El Juez Asociado Señor Negrón García emitió opinión disidente a la cual se une el Juez Asociado Señor Rebollo López. El Juez Asociado Señor Torres Rigual no intervino.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Opinión disidente del Juez Asociado Señor Negrón García a la cual se une el Juez Asociado Señor Rebollo López.

Aun cuando coincidimos con la conclusión de que entre las partes, por razón de las correspondencias del 30 de

marzo y 8 de julio de 1977 existió un acuerdo válido sobre promesa bilateral de compraventa, la conducta insistente del demandante Villaverde Gómez en variar sus términos, a lo cual se opuso válidamente Levitt & Sons of Puerto Rico Inc., relevó a esta última de ese pacto. La contestación a la demanda de Levitt y la reconvención interpuesta, a la luz de todas las circunstancias presentes, nos mueven a decidir que debió declararse sin lugar la demanda instada.