CC-96-208                                                           1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Osvaldino Rojas Lugo<br>    Peticionario<br><br>   v.<br><br>Axtmayer Enterprises, Inc. y otros<br>    Recurridos | Certiorari<br><br>2000 TSPR 46 |

Número del Caso: CC-2000-0041

Fecha: 21/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Liana Fiol Matta

Abogado de la Parte Peticionaria: Lcdo. José Marrero Luna

Abogado de la Parte Recurrida: Lcdo. Antonio Marrero Candelaria

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Osvaldino Rojas Lugo

    Demandante-peticionario

       v.                                   CC-2000-41        CERTIORARI

Axtmayer Enterprises, Inc.
y otros

    Demandados-recurridos

    Opinión del Tribunal emitida por el Juez Asociado señor REBOLLO LÓPEZ

    San Juan, Puerto Rico, a 21 de marzo de 2000

    Con motivo de la celebración en Puerto Rico, durante el mes de julio de 1997, del Congreso Iberoamericano de Juristas del Derecho del Trabajo, su organizador, el demandante Osvaldino Rojas Lugo, llevó a cabo un contrato verbal con la parte demandada, esto es, Hotel Excelsior y/o Axtmayer Enterprises, Inc., referente el mismo a la estadía en dicho Hotel de los asistentes al referido Congreso. El mencionado Hotel, alegadamente, incumplió dicho contrato. Como consecuencia del alegado incumplimiento, el Lcdo. Rojas Lugo radicó una demanda, sobre incumplimiento de contrato y daños y perjuicios, contra los antes mencionados demandados ante el

Tribunal de Primera Instancia, Sala Superior de San Juan.

Luego de celebrada la correspondiente vista en su fondo, el tribunal de instancia dictó sentencia mediante la cual declaró <u>sin</u> lugar la demanda radicada. Inconforme, el demandante Rojas Lugo presentó recurso de apelación ante el Tribunal de Circuito de Apelaciones; recurso en el cual, en esencia, impugnó la apreciación de la prueba efectuada por el tribunal de instancia. La parte demandada solicitó la <u>desestimación</u> del recurso de apelación instado por razón, entre otras, de no haberse notificado el escrito de apelación al tribunal de instancia dentro de las cuarenta y ocho (48) horas de su presentación, según ello es requerido por la Regla 14(B) del Reglamento del Tribunal de Circuito de Apelaciones.

El foro apelativo intermedio requirió del demandante que le certificara la fecha en que había realizado dicha notificación. El demandante apelante, en su comparecencia, aceptó que así no lo había hecho, ello "por un error involuntario", explicando que el error se debió a que el abogado del apelante "se encontraba seriamente enfermo e impartió las instrucciones para dicha radicación", las cuales no se cumplieron "por un error y confusión".

El Tribunal de Circuito dictó sentencia mediante la cual <u>desestimó</u> la apelación; ello por el fundamento principal de que la justificación aducida por el demandante apelante era una vaga y no evidenciada, lo que

impedía que dicho foro apelativo pudiera concluir que la tardanza o demora en la notificación fue una razonable.

Acudió Osvaldino Rojas Lugo ante este Tribunal en revisión de la antes mencionada sentencia. En el recurso que, a esos efectos radicara, le imputó al Tribunal de Circuito de Apelaciones la supuesta comisión de cuatro (4) errores, a saber:

> "1. Incidió en error manifiesto el Honorable Tribunal de Instancia en la apreciación de la prueba presentada y demostró parcialidad y prejuicio al aquilatar la misma incurriendo en errores claros y manifiestos.
>
> 2. Incidió en error manifiesto el Honorable Tribunal de Instancia al aquilatar la evidencia presentada y formular determinaciones de hechos erróneas.
>
> 3. Incidió en error manifiesto el Honorable Tribunal de Instancia al aplicar la norma jurídica en forma errónea.
>
> 4. Incidió en grave error de derecho el Honorable Tribunal de Circuito de Apelaciones, Circuito Regional I, al no entrar en los méritos de la apelación y desestimar la misma bajo la errónea apreciación de que el estado crítico de salud en que se encontraba el abogado que suscribe guardando cama y en absoluto descanso por instrucciones de su médico de cabecera no era justa causa para no notificar al Honorable Tribunal de Instancia en el término de cuarenta y ocho (48) horas."

Resolvemos, sin ulterior trámite, el recurso radicado al amparo de las disposiciones de la Regla 50 de nuestro Reglamento.

I

Como hemos visto, mediante el cuarto señalamiento de error, aduce la parte demandante peticionaria que incidió el Tribunal de Circuito de Apelaciones al resolver que el estado crítico de salud de su representante legal no constituyó justa causa en relación con el incumplimiento reglamentario que se le imputa, esto es, no haber notificado al tribunal de instancia, dentro del término de 48 horas, con copia del escrito de apelación que radicara ante el Tribunal de Circuito de Apelaciones, según lo requiere la Regla 14(B) del Reglamento del Tribunal de Circuito[1]; requisito igualmente exigido por la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1.

Reiteradamente, este Tribunal ha expresado que las normas sobre perfeccionamiento de los recursos apelativos deben observarse rigurosamente. Arriaga Rivera v. F.S.E., res. el 18 de marzo de 1998, 98 TSPR 27; Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987); In re: Reglamento del Tribunal Supremo, 116 D.P.R. 671 (1987); Mfrs. H. Leasing

---

[1] La Regla 14(B) del Reglamento del Tribunal de Circuito de Apelaciones dispone lo siguiente:

"(B) De presentarse el recurso de apelación en la Secretaría del Tribunal de Circuito de Apelaciones, la parte apelante deberá notificar copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho (4) horas siguientes a la presentación del escrito de

v. <u>Carib Tubular Corp.</u>, 115 D.P.R. 122 (1975). Dicha norma se extiende a los requisitos establecidos en el Reglamento del Tribunal de Circuito de Apelaciones. Específicamente, este Tribunal ha señalado que "...no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo". <u>Arriaga Rivera</u> v. <u>F.S.E.</u>, ante, pág. 688, citando a <u>Matos</u> v. <u>Metropolitan Marble Corp.</u>, 104 D.P.R. 122 (1975).

La diferencia entre los requisitos de cumplimiento estricto y los jurisdiccionales es harto conocida, particularmente en cuanto a sus efectos. <u>Loperana Irizarry</u> v. <u>E.L.A.</u>, 106 D.P.R. 357 (1977). Este Tribunal, en relación a términos de cumplimiento estricto, ha resuelto que el foro apelativo no goza de discreción para prorrogar tales términos automáticamente. Tan solo tiene discreción para extender un término de cumplimiento estricto "...solo cuando la parte que lo solicita demuestre justa causa para la tardanza". En ausencia de tales circunstancias dicho tribunal carece de discreción para prorrogar el término y, por ende, acoger el recurso ante su consideración. <u>Banco Popular de P.R.</u> v. <u>Mun. de Aguadilla</u>, res. el 29 de diciembre de 1997, 144 D.P.R.___ (1997).

Por otro lado, y en relación a la acreditación de la justa causa, hemos señalado que no es con vaguedades excusas o planteamientos estereotipados que se cumple con

_____

apelación. El término aquí dispuesto será de cumplimiento estricto."

el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. Arriaga Rivera v. F.S.E., ante.

De lo anterior se desprende que los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si están presentes dos condiciones: (1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida.

Ello no obstante, estas sabias normas o directrices, las cuales reiteramos en el día de hoy, no pueden ser aplicadas de manera inflexible o automática. Aun cuando, naturalmente, recae sobre la parte que incumple con el término de cumplimiento estricto la obligación de demostrar a cabalidad la justa causa para el incumplimiento, los tribunales, antes de decretar la severa sanción de la desestimación del recurso, deben concederle a la parte que así lo asevera y reclama una oportunidad razonable de demostrar o evidenciar la justa causa requerida.

## II

En el presente caso, no hay duda, nos enfrentamos a un término de cumplimiento estricto. La alegación de la parte

demandante apelante ante el Tribunal de Circuito de que su incumplimiento con el mencionado término de cuarenta y ocho (48) horas se debió al estado crítico de salud que aquejó a su representante legal es uno que muy bien puede constituir --debidamente evidenciado el mismo-- la justa causa a que hemos hecho referencia en nuestras decisiones.

Es correcto que, en su comparecencia original, la parte demandante no presentó evidencia fehaciente de dicha enfermedad. Somos del criterio, sin embargo, que antes de decretar la desestimación del recurso, el foro apelativo intermedio debió haberle brindado una oportunidad a dicha parte para que así lo demostrara mediante la presentación de evidencia fehaciente a esos efectos. Erró el Tribunal de Circuito de Apelaciones al actuar con la premura que lo hizo[2].

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LOPEZ
Juez Asociado

---

[2] Como expresara este Tribunal, en Santiago Pérez v. Palmas del Mar Properties, Inc., res. el 24 de octubre de 1997, 143 D.P.R.___ (1997):

"Con relación a las apelaciones de las sentencias dictadas por el foro de instancia, en la Exposición de Motivos del Plan de Reorganización Núm. 1 se indicó, como uno de los propósitos de la reorganización, el establecer un derecho de apelación amplio, que abarcarse tanto los casos criminales como los civiles. En otras palabras, se le quiso dar a la persona cuyo caso había sido decidido por un solo juez, la oportunidad de que la decisión fuese revisada por

un <u>tribunal    colegiado    de    por    lo    menos    tres</u>
<u>jueces</u>." (Enfasis suplido.)

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Osvaldino Rojas Lugo

    Demandante-peticionario

       v.                    CC-2000-41      **CERTIORARI**

Axtmayer Enterprises, Inc.
y otros

    Demandados-recurridos

**SENTENCIA**

    San Juan, Puerto Rico, a 21 de marzo de 2000

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Circuito de Apelaciones; devolviéndose el caso a dicho foro para que --previa demostración por la parte demandante peticionaria, <u>mediante evidencia fehaciente</u>, de la seria condición médica que afectó a su representación legal-- dicho foro apelativo intermedio determine si existió, o no, <u>justa causa</u> para el incumplimiento reglamentario en que incurrió la referida parte peticionaria.

        Así lo pronunció, manda el Tribunal y certifica al Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Negrón García inhibidos. El Juez Asociado señor Corrada del Río emitió Opinión disidente.

                        Isabel Llompart Zeno
                       Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Osvaldino Rojas Lugo

    Demandante-peticionario

       v.

Axtmayer Enterprises, Inc.
y otros                                      CC-2000-041

    Demandados-recurridos


Opinión disidente emitida por el Juez Asociado señor Corrada del Río


San Juan, Puerto Rico, a 21 de marzo de 2000.

Este Tribunal resuelve mediante Sentencia que el estado crítico de salud que aquejó al representante legal del demandante constituyó justa causa para incumplir con el requisito de notificación al tribunal de instancia de copia del recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones dentro de las cuarenta y ocho (48) horas siguientes a su presentación. **Disentimos** de tal dictamen por entender que las razones aducidas por el abogado del demandante sobre enfermedad, error y confusión no son suficientes para acreditar que hubo justa causa para la omisión incurrida. Veamos.

I

El 16 de septiembre de 1999, los recurridos (apelados ante el Tribunal de Circuito de Apelaciones) solicitaron la desestimación del recurso de apelación presentado por la parte recurrente (apelante ante el Tribunal de Circuito de Apelaciones) por, entre otras razones, no haber certificado que notificó dicho escrito al Tribunal de Primera Instancia dentro de las cuarenta y ocho (48) horas de su presentación ante el foro apelativo, conforme a la Regla 14(b) de su Reglamento, 4 L.P.R.A. Ap. XXII-A. A raíz de ello, el foro *a quo* le requirió al demandante certificar dicha notificación. Así, pues, el recurrente presentó moción en cumplimiento de orden señalando que "por un error involuntario" no notificó al tribunal de instancia dentro del término establecido por ley. Indicó, además, que dicho error se debió a que el abogado del demandante "se encontraba seriamente enfermo" y, aún cuando impartió las instrucciones para dicha radicación, por error o confusión, la misma no se realizó hasta el 15 de octubre de 1999.[3]

Así las cosas, el tribunal apelativo desestimó la apelación por no haber justificado el recurrente su incumplimiento con el requisito de notificación establecido en la Regla 14(b), *supra*. Inconforme, éste recurre ante nos mediante certiorari aduciendo, entre

---

[3] Véase, Exhibit C de la "Oposición A Que Se Expida Recurso de Certiorari."

otros asuntos, que el Tribunal de Circuito de Apelaciones incidió al determinar que el estado crítico de salud del abogado del demandante no constituye causa justificada para la omisión incurrida.

II

La Regla 14(b) del Reglamento del Tribunal de Circuito de Apelaciones es clara al imponerle a todo apelante el deber de notificar copia del escrito de apelación al Tribunal de Primera Instancia. Dicha norma lee como sigue:

> "[d]e presentarse el recurso de apelación en la Secretaría del Tribunal de Circuito de Apelaciones, la parte apelante deberá notificar copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación. El término aquí dispuesto será de cumplimiento estricto."

Esta norma reglamentaria se estableció para implantar lo dispuesto en el inciso (b) de la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la cual dispone que:

> "[e]l recurso de apelación se formalizará presentando el escrito de apelación en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, o en la secretaría del Tribunal de Circuito de Apelaciones. De presentarse el recurso de apelación en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, el apelante deberá notificar a la secretaría del Tribunal de Circuito de Apelaciones, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación, el número reglamentario de copias del escrito, debidamente selladas por la secretaría de la sede del Tribunal de Primera Instancia con la fecha y horas de presentación. De presentarse en la secretaría del Tribunal de Circuito de Apelaciones, el apelante deberá notificar copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación."

Innumerables veces hemos resuelto que las normas sobre perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Arriaga Rivera v. F.S.E.*, Opinión de 18 de marzo de 1998, 98 T.S.P.R. 27, 98 J.T.S. 28, págs. 687-688; *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 659 (1987). En *Arriaga Rivera v. F.S.E.*,

*supra*, pág. 688, también aclaramos que dicha norma es extensiva al Reglamento del Tribunal de Circuito de Apelaciones. Además, distinguimos un requisito de cumplimiento estricto de uno jurisdiccional, particularmente en cuanto a sus efectos.[4]

Sobre el particular allí añadimos que "cuando un término es de cumplimiento estricto, su observancia tardía '*es permisible de existir y demostrarse a cabalidad una justa causa*' para no cumplir rigurosamente con el término en cuestión." (Bastardillas en el original.) *Id.* De igual forma, reiterando a *Banco Popular de P.R. v. Mun. de Aguadilla*, Opinión de 29 de diciembre de 1997, 144 D.P.R. ___, 97 J.T.S. 152, sostuvimos que el Tribunal de Circuito de Apelaciones no goza de discreción automática para prorrogar los términos de cumplimiento estricto. No obstante, tiene discreción para extenderlos cuando la parte que lo solicite demuestre justa causa para la dilación. De lo contrario, carece de discreción para tales fines.

Resumiendo, las dos condiciones que dan lugar a que los tribunales puedan eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto son: (1) que en efecto exista justa causa para la dilación; (2) que la parte interesada acredite de manera adecuada la justa causa aludida. *Arriaga Rivera v. F.S.E., supra.*

Cabe indicar que, en *Arriaga Rivera v. F.S.E., supra,* se suscitó una controversia muy similar a la del caso de autos. En dicho caso, el Fondo del Seguro del Estado incumplió con el término establecido en el Reglamento del Tribunal de Circuito de Apelaciones para notificar al tribunal recurrido con copia del recurso de certiorari. Así las cosas, intentó justificar su omisión alegando que su incumplimiento fue "*involuntario*"; que "*no se debió a falta de interés*"; que no hubo "*menosprecio al proceso*"; que ahora "*existe un firme propósito de enmienda*". (Bastardillas en el original.)

En dicha ocasión resolvimos que tales alegaciones no constituyeron justa causa. Allí aclaramos que no basta con alegar vaguedades, excusas

---

[4] Véase, además, *Loperena Irizarry v. E.L.A.*, 106 D.P.R. 357, 359-360 (1977).

o planteamientos estereotipados para cumplir con el requisito de justa causa. Es menester proveer explicaciones concretas y particulares, debidamente fundamentadas, para poner al tribunal en condiciones de concluir que la dilación ocurrió razonablemente, por circunstancias especiales.[5]

En el presente caso, parecido a lo ocurrido en *Arriaga Rivera v. F.S.E., supra,* las razones ofrecidas por el abogado del recurrente no son suficientes para acreditar que hubo causa justificada para la omisión incurrida. Además, según se desprende del expediente, el representante legal del recurrente –a la fecha de la presentación de la apelación ante el Tribunal de Circuito de Apelaciones– compartía la oficina con otros dos abogados, a quienes pudo haber recurrido para la tramitación de la apelación. Tampoco acompañó –ni ante el tribunal apelativo ni ante nos– evidencia alguna que acredite la alegada enfermedad.

Por los fundamentos antes esbozados, disentimos de la opinión mayoritaria de este Tribunal. En cambio, resolveríamos que el Tribunal de Circuito de Apelaciones actuó correctamente al desestimar el recurso de apelación de la  parte recurrente. Advertimos que es lamentable que

---

[5] Veáse, además, *Figueroa Hernández* v. *Del Rosario Cervoni,* Opinión de 23 de noviembre de 1998, 98 T.S.P.R. 158, 98 J.T.S. 151; *Zayas Ortiz* v. *Royal Insurance,* Opinión de 30 de septiembre de 1998, 98 T.S.P.R. 126, 98 J.T.S. 127; *Pueblo* v. *Pérez Suárez,* Opinión de 16 de septiembre de 1998, 98 T.S.P.R. 124, 98 J.T.S. 125.

este Tribunal sea tan laxo en la aplicación de un requisito de cumplimiento estricto, abriendo la puerta a que se aplique en unos casos y en otros no, mientras el foro apelativo intermedio ha querido aplicar la norma con el respeto que se merece.


                                    BALTASAR CORRADA DEL RÍO
                                    Juez Asociado