Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO **Recurrido** V. REY RIVERA FÉLIX **Peticionario** | KLCE202400950 | *CERTIORARI* procedente del Tribunal de Primera Instancia de Caguas Núm Caso: E BD2019G0369 Sobre: Delito Contra Bienes/Derecho Patrimonial |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 21 de octubre de 2024.

El 3 de septiembre de 2024, el Sr. Rey Rivera Félix (señor Rivera o peticionario), miembro de la población correccional, compareció ante nos, por derecho propio, mediante un recurso de *certiorari* el cual intituló *Solicitud de Aplicación del Art. 16 atenuantes del Código Penal 2012* y solicitó la revisión de una Sentencia que el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI) dictó en su contra. Particularmente, en su recurso, se limitó a solicitar que enmendáramos la referida Sentencia con el fin de reducir su pena en un 25% ya que contaba con más atenuantes que agravantes según la fijación de la pena.

Atendido el recurso, el 10 de septiembre de 2024, emitimos una *Sentencia* desestimando el recurso por falta de jurisdicción por prematuro. Particularmente resolvimos que el asunto sobre la enmienda a la Sentencia no había estado ante la consideración del TPI. Ante ello, le indicamos al señor Rivera que presentara dicho asunto ante el TPI para que este foro tuviese la oportunidad de emitir un dictamen a tales efectos y que, de ser necesario, podría posteriormente recurrir en alzada ante nos.

Sin embargo, el 7 de octubre de 2024, el señor Rivera presentó una reconsideración ante nos mediante la cual anejó la *Orden* que dictó el TPI el 25 de junio de 2024 y notificó el 19 de julio de 2024 declarando No Ha Lugar la solicitud sobre la enmienda a la Sentencia.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

Por los fundamentos que expondremos a continuación, expedimos el recurso de epígrafe y ***desestimamos*** por falta de jurisdicción por tardío.

I.

**-A-**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro) *Cordero v. ARPe.*, 187 DPR 445, 457 (2012). Así

pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino*, supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. La referida regla, en lo pertinente, dispone que:

> [...]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) **que el Tribunal de Apelaciones carece de jurisdicción.** (Énfasis suplido).
>
> [...]
>
> (C) El Tribunal de Apelaciones a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

**-B-**

La Regla 52 de Procedimiento Civil, 32 LPRA Ap. V, R.52, regula el procedimiento y perfeccionamiento de los recursos de *certiorari*. En lo pertinente, la Regla 52.2(b) de Procedimiento Civil, *supra*, establece que "[l]os recursos de certiorari al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia [...] deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida." A su vez, dispone que el aludido término de treinta (30) días es de cumplimiento estricto y únicamente es prorrogable cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*. Íd.

Asimismo, la Regla 32 (d) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, señala que "[e]l recurso de certiorari para revisar cualquier otra resolución u orden [...] del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento estricto". (Énfasis nuestro).

Cabe precisar que, el Tribunal Supremo ha expresado que "para prorrogar un término de cumplimiento estricto generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera del término, presente justa causa por la cual no puede cumplir con el término establecido". *Cruz Parrilla v. Depto. de Vivienda*, 184 DPR 393, 403 (2012). **Así, la parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa.** (Énfasis suplido) *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013). **De no hacerlo, los tribunales carecemos de discreción para prorrogar el término y, por ende, acoger el**

**recurso ante nuestra consideración.** (Énfasis nuestro). *Rojas v. Axtmayer Ent.,* 150 DPR 560, 564 (2000). En otras palabras, si la parte peticionaria notifica la presentación del *certiorari* fuera del término correspondiente y sin justa causa, el recurso no se perfecciona y procede su desestimación por falta de jurisdicción. *Soto Pino v. Uno Radio Group, supra,* pág. 92.

II.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que el presente recurso se presentó en una fecha posterior al término de treinta (30) días que dispone la ley para recurrir ante nosotros de una orden que haya emitido el foro apelado.

Tal y como discutimos en la exposición de derecho, una persona adversamente afectada por una orden o resolución que dicte el TPI tiene treinta (30) días para acudir en alzada ante este foro mediante *certiorari*. Reconocemos que el término antes descrito es de cumplimiento estricto. Sin embargo, para prorrogar un término de cumplimiento estricto se requiere que la parte que solicita la prórroga, o que actúa fuera del término, presente justa causa por la cual no puede cumplir con el término establecido. *Cruz Parrilla v. Depto. de Vivienda*, supra, pág. 403. Consecuentemente, si la parte peticionaria notifica la presentación del *certiorari* fuera del término correspondiente y sin justa causa, el recurso no se perfecciona y procede su desestimación por falta de jurisdicción. *Soto Pino v. Uno Radio Group,* supra, pág. 92.

En el caso de autos, el TPI dictó una *Orden* el 25 de junio de 2024 la cual notificó el **19 de julio de 2024** declarando No Ha Lugar la solicitud del señor Rivera para enmendar la Sentencia al amparo

del Art. 65 del Código Penal de 2012. Inconforme con este dictamen, el **23 de agosto de 2024**, el peticionario le entregó el recurso de epígrafe a la institución penal de Ponce para su presentación ante este foro. Dicha fecha surge tanto de un ponche oficial de la institución como de la fecha que incluyó el propio peticionario en su recurso. En vista de lo anterior, el término de treinta (30) días para recurrir en alzada vencía el **19 de agosto de 2024.** Sin embargo, el peticionario presentó su recurso cuatro (4) días posterior al vencimiento del término provisto por ley sin haber presentado justa causa para ello. En consecuencia, nos encontramos forzados a desestimar el recurso de epígrafe por tardío conforme a la facultad que nos otorga la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

### III.

Por los fundamentos antes expuestos, se deja sin efecto nuestra Sentencia de 10 de septiembre de 2024, en su lugar emitimos el presente dictamen, mediante el cual ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones