Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MICHAEL SANTIAGO CARTAGENA<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE REHABILITACIÓN Y CORRECCIÓN<br><br>Recurrida | KLRA202400707 | *Revisión Judicial* procedente del Departamento de Rehabilitación y Corrección (DCR)<br><br>Sobre: Solicitud de Remedio Administrativo<br><br>Número: GMA500-586-24 |
| RAFAEL BERMÚDEZ TORRES<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE REHABILITACIÓN Y CORRECCIÓN<br><br>Recurrida | KLRA202500301 | *Revisión* Judicial procedente del Departamento de Rehabilitación y Corrección (DCR)<br><br>Sobre: Solicitud de Remedio Administrativo<br><br>Número: GMA500-592-24 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

El **26 de diciembre de 2024**,[1] los confinados Michael Santiago Cartagena ("Santiago Cartagena") y Rafael Bermúdez Torres ("Bermúdez Torres") (en conjunto; "recurrentes"), comparecieron ante este Tribunal Apelativo. Mediante el recurso **KLRA202400707**, los recurrentes presentaron conjuntamente sendos escritos intitulados "Moci[ó]n de Apelación…". Estos solicitaban la revisión de las respuestas a las solicitudes **GMA500-**

---

[1] Depositado en el correo el 11 de diciembre de 2024.

Número Identificador
SEN2025_____

**586-24** y **GMA500-592-24** emitidas por la División de Remedios Administrativos ("DRA") del Departamento de Rehabilitación y Corrección ("DCR"). En estas, el DRA únicamente les indicó que el propósito de la Ley Núm. 66–2022, era que los convictos que disfrutarán de la libertad bajo palabra tuvieran derecho a recibir bonificaciones por buena conducta, trabajo, estudios y otros.

Luego de varios trámites, ordenamos la separación de los escritos, por lo cual se le asignó al nuevo recurso el número alfanumérico —**KLRA202500301**— correspondiente al confinado Bermúdez Torres. Así, ambos casos fueron consolidados —**KLRA202400707** y **KLRA202500301**—.

Por los fundamentos que expondremos a continuación, **confirmamos** la respuesta recurrida **GMA500-586-24** en el recurso **KLRA202400707**. Sin embargo, el recurso **KLRA202500301** correspondiente a la respuesta **GMA500-592-24** debemos **desestimarlo** por falta de jurisdicción ante su presentación prematura. Veamos los hechos que propician la atención de este Panel Especial.

**-I-**

Ponchada el **4 de octubre de 2024**, el señor Santiago Cartagena presentó una *Solicitud de Remedio Administrativo*, la cual fue codificada con el número **GMA500-586-24**.[2] En esta, solicitó el siguiente remedio:

> Por este medio solicitó al área de récord la información de la aplicación de la [L]ey 66 del 2022 en la sección de [b]onificación por buena conducta que estipula que toda persona sentenciada a cumplir un término de reclusión que observare buena conducta tendrá derecho a rebaja de doce (12) días por mes por sentencia que no exceda de 15 años y c[ó]mo son aplicada[s] al confinado. [sic].[3]

---

[2] Anejo de la Moci[ó]n Informativa presentada por los recurrentes con fecha del 12 de febrero de 2025 y ponchada con fecha del 14 de febrero de 2025.; Véase, además, Anejo I del *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN* presentado por el DCR el 18 de julio de 2025, a la pág. 5.
[3] *Íd.*

Con fecha del **4 de diciembre de 2024**,[4] el DRA emitió la *RESPUESTA DEL AREA CONCERNIDA/SUPERINTENDENTE*,[5] y expresó lo siguiente:

> Sr. Santiago Cartagena, en cuanto a la Ley 66 fue firmada el 19 julio 2022 l[a] cual entra en vigor el 19 de octubre de 2022, con el prop[ó]sito de que los convictos que est[á]n disfrutando de los beneficios que concede la Junta de Libertad Bajo Palabra, tienen el derecho a recibir las bonificaciones establecidas por concepto de buena conducta y asiduidad, trabajo, estudio y otros. Serán aplicables retroactivamente toda la conviccion bajo la vigencia de los Codigos Penales de 1974, 2004 y códigos posteriores e incluso leyes especiales, beneficiando a la población liberada bajo el privilegio de la Junta de Libertad Bajo Palabra. [sic].[6]

Lo antes dicho le fue notificado al confinado Santiago Cartagena el **9 de diciembre de 2024**, a través de la *RESPUESTA AL MIEMBRO DE LA POBLACIÓN CORRECIONAL*.[7]

**Por otra parte**, el confinado Bermúdez Torres presentó una *Solicitud de Remedio Administrativo* el **11 de octubre de 2024**,[8] la cual fue codificada con el número **GMA500-592-24**.[9] En la misma, solicitó el siguiente remedio:

> Solicito que al [s]egundo [c]argo de [m]i Sentencia [la] [c]ual es [por] [t]entativa al art. 5 de la Ley 266 del 2004[,] [s]e [m]e [aplique] [la] [Ley] 87 y Ley 66 de Bonificacion [p]or Buena Conducta [c]omo [d]ebe [s]er [p]or [l]ey. Gracias [p]or [s]u [t]iempo. [sic].[10]

El **13 de diciembre de 2024** y notificada al confinado el **17 de enero de 2025**,[11] el DRA emitió la *RESPUESTA DEL AREA CONCERNIDA/SUPERINTENDENTE*.[12] Allí, determinó lo siguiente:

> Sr. Bermudez Torres, en cuanto a la Ley 66 fue firmada el 19 julio 2022 l[a] cual entra en vigor el 19 octubre 2022, con el

---

[4] Ponchada el 9 diciembre de 2024.

[5] Anejo A1 del recurso del señor Santiago Cartagena. Véase, además, Anejo I del *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN* presentado por el DCR el 18 de julio de 2025, a la pág. 9.

[6] *Íd.*

[7] El señor Santiago Cartagena recibió copia de la respuesta el **11 de diciembre de 2024**. Véase, Anejo I del *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN* presentado por el DCR el 18 de julio de 2025, a la pág. 8.

[8] Ponchada el 18 de octubre de 2024.

[9] Anejo del escrito del señor Bermúdez Torres; Anejo I del *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN* presentado por el DCR el 18 de julio de 2025, a la pág. 14.

[10] *Íd.*

[11] Según la *Respuesta al Miembro de la Población Correccional*, el señor Bermúdez Torres recibió la respuesta el **17 de enero de 2025**. Véase Anejo II del *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN* presentado por el DCR el 18 de julio de 2025, a la pág. 17.

[12] Anejo II del *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN* presentado por el DCR el 18 de julio de 2025, a la pág. 18.

prop[ó]sito de que los convictos que est[á]n disfrutando de los beneficios que concede la Junta de Libertad Bajo Palabra, [tengan] el derecho [de] recibir las bonificaciones establecidas por concepto de buena conducta y asiduidad, trabajo, estudio y otros. Serán aplicables retroactivamente toda la convicción bajo la vigencia de los Codigos Penales de 1974, 2004 y códigos posteriores en incluso leyes especiales, beneficiando a la población liberada bajo el privilegio de la Junta de Libertad Bajo Palabra. En cuando a la Ley 87 el art. 144 no cualifica para la misma. [sic].[13]

El **17 de enero de 2025**,[14] el confinado Bermúdez Torres solicitó la reconsideración de la respuesta emitida.[15]

El **28 de enero de 2025** y notificada al confinado el **30 de enero de 2025**, el DRA dictó la *Resolución de Reconsideración*,[16] en la cual dispuso:

Sr. Bermúdez Torres, en su Solicitud de Remedio usted expresó su interés en que se le aplique la Ley 87 y la Ley 66 al delito por infracción al Artículo 5 de la Ley 266. El caso fue discutido en el Área de Récord. Nos informaron que la Ley 87 le fue aplicada. De hecho, a usted se le entregó copia de la Hoja de Control sobre Liquidación de Sentencia el pasado 5 de diciembre de 2024. [Con] relación a la Ley 66 la misma va dirigida a beneficiar a las personas que se est[á]n disfrutando de libertad bajo palabra, tomando en consideración el trabajo, estudio, buena conducta y asiduidad.[17]

No obstante, el **26 de diciembre de 2024**,[18] los recurrentes comparecieron ante este Tribunal de Apelaciones y conjuntamente presentaron sendos escritos intitulados "Moci[ó]n de Apelación ..." para la revisión de las respectivas respuestas **GMA500-586-24** y **GMA500-592-24**, mediante el caso original **KLAN202400707**.

Ante la solicitud del DCR,[19] separamos los escritos presentados por tratarse de dos (2) decisiones administrativas distintas —GMA500-586-24 y GMA500-592-24—.[20] Por lo que el **10 de junio de 2025** y notificada el **18 de junio de 2025**, este Panel

---

[13] *Íd.*

[14] Recibida el 27 de enero de 2025.

[15] Anejo II del *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN* presentado por el DCR el 18 de julio de 2025, a la pág. 19.

[16] Anejo II del *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN* presentado por el DCR el 18 de julio de 2025, a las págs. 20–21.

[17] *Íd.*, pág. 21.

[18] Los escritos fueron depositados en el correo postal el **19 de diciembre de 2024**.

[19] El DCR presentó una *Solicitud de Remedio* el **14 de mayo de 2025**.

[20] La *Resolución* fue emitida por este Foro Apelativo el 20 de mayo de 2025.

Especial consolidó el recurso original **KLRA202400707** con el nuevo recurso **KLRA202500301**.

El **18 de julio de 2025**, el DCR representado por la Oficina del Procurador General de Puerto Rico presentó el *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN*.

Así, el **6 de agosto de 2025** dimos por perfeccionado ambos recursos para la atención del Panel Especial.

**-II-**

**-A-**

La Sección 19 del Artículo VI de la Constitución de Puerto Rico establece que: *"[s]erá política pública del Estado Libre Asociado […] reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los* [confinados] *para hacer posible su rehabilitación moral y social".*[21]

Para viabilizar el mandato constitucional de propender la rehabilitación moral y social de las personas confinadas a los fines de fomentar su reincorporación a la sociedad,[22] la Asamblea Legislativa aprobó el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 ("Plan de Reorganización de 2011").[23] Mediante el referido estatuto se le confirió al DCR el deber de *"[a]mpliar los programas de educación y trabajo para que impacten a toda la población correccional que interese participar y asegure la aplicación correcta de los sistemas de bonificación por trabajo y estudio que permitan las leyes aplicables".*[24] En ese sentido, recae en el DCR la autoridad de conceder bonificaciones

---

[21] Art. VI, Sec. 19, Const. PR, LPRA, Tomo 1.; *Cruz Negrón v. Adm. De Corrección*, 164 DPR 341, 351 (2005).

[22] Véase, Art. VI, Sec. 19, Const. PR, LPRA, Tomo 1.

[23] Artículo 2 del Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, según enmendado, conocido como *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, 3 LPRA Ap. XVIII, Art. 2.

[24] 3 LPRA Ap. XVIII, Art. 5 inciso (f).

por buena conducta, estudio o trabajo a los términos de la sentencia impuesta a la persona que cumple su pena en reclusión.[25]

Sobre este particular, los Artículos 11 y 12 del Capítulo IV del Plan de Reorganización de 2011 codifican el *Sistema de Rebaja de Términos de Sentencias* y las *Bonificaciones por trabajo, estudio o servicios*; respectivamente.[26] Cabe señalar que, el Plan de Reorganización de 2011, originalmente hacía extensivo el sistema de bonificaciones a las personas sentenciadas bajo el Código Penal de Puerto Rico de 1974, no así a los sentenciados bajo el Código Penal de Puerto Rico de 2004.[27] Tras la aprobación de la Ley Núm. 87-2020, el referido Artículo 11, fue enmendado para ampliar a toda la población penal la oportunidad de recibir las bonificaciones por buena conducta y asiduidad, independientemente del Código Penal bajo el cual fueron sentenciados, sujeto a ciertas excepciones y porcentajes de acumulación.[28]

Posteriormente, el Artículo 11 fue enmendado nuevamente por la Ley Núm. 66-2022.[29] Dicha enmienda fue a los efectos de disponer que, las bonificaciones allí dispuestas también deben concederse a las personas convictas que estén bajo el Programa de Libertad Bajo Palabra ("JLBP").

Antes de ser enmendado Artículo 12 del Plan de Reorganización de 2011, solo autorizaba al Secretario del DCR a conceder las bonificaciones. Sin embargo, la Ley Núm. 66-2022 modificó dicho articulado para incluir a la persona presidenta de la JLBP como funcionaria autorizada para conceder las bonificaciones por estudio y trabajo, debido a que aquellas personas convictas que se encontraban disfrutando de la libertad bajo palabra no se estaban

---

[25] 3 LPRA Ap. XVIII, Arts. 11 y 12
[26] *Íd.*
[27] 3 LPRA Ap. XVIII, Art. 11.
[28] Véase, Ley Núm. 87-2020.
[29] Véase, Ley Núm. 66-2022.

beneficiando. Además, la Ley Núm. 66-2022 aclaró que las bonificaciones adicionales aplicarán a las personas convictas independientemente bajo qué Código Penal se hubiese sentenciado.

Como resultado, la Ley Núm. 66-2022 aclara que las personas convictas que se encuentren en libertad bajo palabra tienen derecho a las bonificaciones por buena conducta, asiduidad, estudio, trabajo y otros servicios, según dispuesto en los Artículos 11 y 12 del Plan de Reorganización de 2011. Cónsono con lo anterior, la Sección 5 de la Ley Núm. 66-2022 ordenó al DCR y a la JLBP a que adoptaran o enmendaran aquella reglamentación necesaria para poner en vigor lo establecido en dicho estatuto.[30]

### -B-

Por otra parte, es norma reiterada en nuestro ordenamiento, que: *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[31] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[32] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[33]

En ese sentido, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso por cualquiera de las instancias allí dispuestas, la cual reseñamos a continuación, en lo pertinente:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
> *(1) que el Tribunal de Apelaciones carece de jurisdicción.*
> [. . . .]
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto*

---

[30] Véase, Ley Núm. 66-2022.
[31] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[32] *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014).
[33] *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012).

*discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[34]

Nuestro Alto Foro Judicial ha indicado: *"[H]emos señalado, y hoy reiteramos, que las disposiciones reglamentarias sobre los recursos que se presentarán ante el Tribunal de Apelaciones se deben observar rigurosamente".*[35] En fin, las partes están **obligadas** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y **no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo**.[36]

### -III-

Primeramente, mediante el recurso **KLRA202400707**, el confinado Santiago Cartagena cuestiona la respuesta recibida a su solicitud de remedio codificada **GMA500-586-24**. Aduce que el DCR no está cumpliendo con la Ley Núm. 66–2022, y nos solicita que se le aplique a su sentencia. No obstante, un examen objetivo de la respuesta emitida por el DRA, resulta ser correcta en derecho, ya que dicho estatuto no le aplica. Esto se debe a que, el señor Santiago Cartagena se encuentra cumpliendo su sentencia en una institución correccional y no a través del privilegio de una libertad bajo palabra. Por lo cual, corresponde confirmar la respuesta emitida por el DRA.

**En segundo orden**, surge del expediente que en el caso **KLRA202500301**, el **26 de diciembre de 2024**, el confinado Bermúdez Torres presentó ante nos el recurso *Moci[ó]n de Apelación [s]obre Aplicación de la [L]ey 66 a Miembros de la Poblaci[ó]n Correccional* [sic], para la respuesta **GMA500-592-24**. No obstante,

---

[34] Ante la presentación de los recursos antes del 16 de junio de 2025, la cita aplicable es Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA ant. Ap. XXII-B, R.83 incisos (B) y (C). *Véase, además,* Regla 83 incisos (B) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115, 215 DPR __ (2025).

[35] *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011) citando *Arriaga v. FSE* 145 DPR 122, 129-130 (1998). Véase, además, *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). *Énfasis nuestro.*

[36] *Íd. Énfasis nuestro.*

dicho recurso fue presentado de manera prematura. Aunque la respuesta a la solicitud **GMA-500-592-24** fue emitida el **13 de diciembre de 2024**, esta fue recibida por el señor Bermúdez Torres el **17 de enero de 2025**. Es decir, el recurrente presentó este recurso **antes** de recibir la notificación de la respuesta.[37] Por lo cual, estamos privados de jurisdicción ante la presentación prematura de este recurso.

### -IV-

Por todo lo antes expresado, **confirmamos** la determinación recurrida en el recurso KLRA202400707, y **desestimamos** el recurso KLRA202500301 por carecer de jurisdicción ante su presentación prematura.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[37] También, se desprende del récord que el recurrente presentó una solicitud de reconsideración ante la agencia, la cual fue le denegada el **28 de enero de 2025** y se le notificó el **30 de enero de 2025**.