Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES DEL GOBIERNO DE PUERTO RICO<br>**Apelados**<br><br>MUNICIPIO AUTÓNOMO DE CAYEY, MUNICIPIO AUTÓNOMO DE COAMO; MUNICIPIO AUTÓNOMO DE VILLALBA, MUNICIPIO AUTÓNOMO DE SALINAS;<br>CARLOS RAMÓN VEGA SANTOS, su esposa JANE DOE Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS;<br>**Terceros demandados - Apelados**<br><br>**v.**<br><br>RAFAEL CARBALLO DÍAZ y su esposa Esperenceja AB; CACIQUE BEACH RESORT, LLC. Demandados de nombre desconocidos A, B y C y otros; | **KLAN202400728** | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br><br>Sobre: Sentencia Declaratoria; Acción Reivindicatoria; Desalojo<br><br><br>Caso Núm.:<br>GM2022CV00290 |
| MIGUEL A. FLORES TORRES y su esposa Mengana de Tal; ALBERTO E. PAGÁN RIVERA; PABLO VERGARA RAMOS y su esposa JUDITH AGNES RIVERA DÍAZ, BRENDALIZ COTTO LEÓN y su esposo Fulano de Tal; EDGAR CRUZ FALCÓN y su esposa MILAGROS MARTÍNEZ REYES; VÍCTOR FELICIANO BONILLA y su esposa Esperenceja Más Cuál, CARMEN SANTIAGO BERRÍOS y su esposo MENGANO DE TAL; MYRNA MERCADO COLLAZO y su esposo ZUTANO DE TAL; | **KLAN202400735** | |
| AWILDO JIMÉNEZ MERCADO, ALNARDO VÁZQUEZ SANTIAGO, ÁNGEL BENÍTEZ RODRÍGUEZ; | **KLAN202400736** | |
| RAMÓN LÓPEZ VÉLEZ y su esposa GRECY MARIE CORREA CARRASQUILLO; JENNIFER ALEMÁN su esposo, FÉLIX A. DÍAZ y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; SUHAIL ALEMÁN y su esposo PABLO RODRÍGUEZ MÉNDEZ y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; ALLAN JUHASZ y otros | **KLAN202400739** | |
| JORGE OPPENHEIMER MÉNDEZ y su esposa JULIE SOLTERO RINALDI DE OPPENHEIMER t/c/c JULIE SOLTERO DE OPPENHEIMER.<br>**Apelantes** | **KLAN202400742** | |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Número Identificador
SEN2024 _____

Rodríguez Casillas, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a  21 de noviembre de 2024.

En esta ocasión corresponde ***desestimar*** los recursos *KLAN202400728, KLAN202400735, KLAN202400736, KLAN202400739, KLAN202400742*, dado a que este Tribunal Apelativo carece de jurisdicción para atender la controversia en sus méritos, ante la presentación prematura de los mismos.

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes.

De los autos ante nuestra consideración se desprende que el **6 de febrero de 2024**,[1] el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante; "TPI") dictó *Sentencia* en favor del Departamento de Recursos Naturales y Ambientales representado por el Estado Libre Asociado de Puerto Rico (en adelante; "DRNA").[2] Mediante el aludido dictamen, el TPI declaró *Ha Lugar* la Solicitud de Sentencia Sumaria presentada por el DRNA, y desestimó las reconvenciones y demandas contra terceros presentados.

Pese a que el dictamen fue objeto de solicitudes de reconsideración y determinación de hechos adicionales,[3] el foro primario mantuvo su dictamen el **3 de junio de 2024**.[4] Inconformes,

---

[1] Según el expediente del caso en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), la notificación sentencia fue enmendada en dos (2) ocasiones. De la **Entrada 1015 a la Entrada 1018 de SUMAC** surge que la *"NOTIFICACIÓN DE SENTENCIA POR EDICTO"* se archivó el 6 de febrero de 2024. Luego, se encuentra la *"NOTIFICACIÓN DE SENTENCIA POR EDICTO ENMENDADA"* con fecha de archivo en autos del **8 de febrero de 2024**. Según las notas de Secretaría: *"SE ENMIENDA LA NOTIFICACION POR EDICTO PARA INCLUIR A JUDIE LIEB"*. En igual fecha, la notificación fue enmendada en una segunda ocasión, según las notas de Secretaría *"SE ENMIENDA LA NOTIFICACION de EDICTO POR SEGUNDA OCASION PARA INCLUIR LA SOCIEDAD LEGAL DE GANANCIALES DE JUDIE LIED".Véase*; **Entrada 1015** a la **Entrada 1018** de SUMAC.

[2] Apéndice 1 del Recurso *KLAN202400728*, págs. 1 – 108. [Entrada 1015 SUMAC].

[3] Apéndice 3 del Recurso *KLAN202400728*, págs. 157 – 186.

[4] Notificada el 4 de junio de 2024.; Véase; Apéndice 5 del Recurso *KLAN202400728*, págs. 495 – 527. [Entrada 1046 SUMAC].

varias co-partes solicitaron a este Foro apelativo la revisión de la sentencia.

El primer recurso —*KLAN202400728*— fue sometido por el Sr. Rafael Caraballo Díaz y Cacique Beach Resort, LLC **(en adelante; "Caraballo Díaz *et al.*")** el **1 de agosto de 2024**.

**Al día siguiente**, el Sr. Miguel A. Flores Torres; el Sr. Alberto E. Pagán Rivera; el Sr. Edgardo Cruz Falcón; la Sra. Milagro Martínez Reyes; el Sr. Pablo Vergara Ramos y la Sra. Agnes Judith Rivera Díaz **(en adelante; "Cruz Falcón *et al.*")** presentaron el recurso de apelación —*KLAN202400735*—.[5]

Luego, el **5 de agosto de 2024** se presentaron los recursos —*KLAN202400736, KLAN202400739* y *KLAN202400742*— para la consideración de este Tribunal intermedio. Específicamente, el *KLAN202400736* fue presentado por el Sr. Awildo Jiménez Mercado, el Sr. Alnardo Vázquez Santiago y el Sr. Ángel Benítez Rodríguez **(en adelante; "Jiménez Mercado *et al.*").** Por su parte, el recurso *KLAN202400739* fue presentado por el Sr. Ramón López Vélez, su esposa la Sra. Grecy Marie Correa Carrasquillo, y la Sociedad Legal de Gananciales compuesta por ambos; la Sra. Jennifer Alemán, su esposo el Sr. Félix A. Díaz, y la Sociedad Legal de Gananciales compuesta por ambos; la Sra. Suhail Alemán, su esposo el Sr. Pablo Rodríguez Méndez, y Sociedad Legal Ganancial compuesta por ambos; y el Sr. Allan Juhasz **(en adelante; "López Vélez *et al.*").** Referente al recurso de apelación por derecho propio —*KLAN202400742*—, este fue presentado por el Sr. Jorge Oppenheimer Méndez y su esposa la Sra. Julie Soltero Rinaldi t/c/c Julie Soltero de Oppenheimer **(en adelante; "matrimonio Oppenheimer–Soltero").**

---

[5] Referente a la Sra. Agnes Judith Rivera Díaz, cabe mencionar que en algunos documentos del expediente aparece como Agnes Judith Rivera Díaz, y en otros como Judith Agnes Rivera Díaz. Sin embargo, entendemos que se refiere a la misma persona.

Evaluados los recursos, el **19 de agosto de 2024** ordenamos la consolidación de los mismos ante su íntima relación.

Varias incidencias procesales después, el **28 de agosto de 2024** compareció el DRNA mediante el escrito intitulado *"Solicitud de desestimación por falta de jurisdicción"*.[6]

Por otro lado, el Sr. Carlos R. Vega Santos representado por la Oficina del Procurador General de Puerto Rico, presentó el **30 de agosto de 2024** una *"Solicitud de Desestimación por Falta de Jurisdicción"*.

A los fines de evaluar los asuntos jurisdiccionales, el **4 de octubre de 2024**, emitimos una *Resolución* solicitando al DRNA —parte demandante— que mostrara el cumplimiento de la notificación por edicto de la *Sentencia* emitida el 6 de febrero de 2024.

Así, el **9 de octubre de 2024**, el DRNA presentó *"Moción en Cumplimiento de Orden"*. En ésta, acompaño el edicto publicado el **12 de febrero de 2024**, en el cual, notificó a la Sra. Judie Lieb —parte en rebeldía—, y a los codemandados desconocidos. Además, nos acompañó evidencia del correo certificado enviado a la última dirección conocida de la Sra. Judie Lieb. Sin embargo, no surge de la moción que haya notificado el cumplimiento de la publicación al TPI y a las demás partes del pleito.

-II-

-A-

Las Reglas de Procedimiento Civil de Puerto Rico establecen como se deben notificar las órdenes, resoluciones y sentencias.[7] Específicamente, la Regla 65.3 de Procedimiento Civil en sus incisos (a) y (b) dispone la forma en que el Secretario del Tribunal notificará

---

[6] A la moción presentada, se unieron el **3 de septiembre de 2024**, los Municipios Autónomos de Cayey, Coamo, Villalba y Salinas.
[7] Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V.

una orden, resolución o sentencia a las partes comparecientes en un pleito:

> (a) *Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una* **orden, resolución** *o* **sentencia***, el Secretario o la Secretaria notificará tal archivo en la misma fecha a* **todas** *las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia.*
> (b) *El Secretario o Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9 de este apéndice, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.*[8]

Los incisos (a) y (b) de la Regla 65.3 antes citada, está diseñada para las partes que comparecen en el pleito. Ahora bien, el inciso (c), distingue el caso de partes en rebeldía cuando hayan comparecido en autos o cuando nunca hayan comparecido.[9] Veamos el primer caso:

> (c) **En el caso de partes en rebeldía que hayan comparecido en autos***, el Secretario o Secretaria le notificará toda* **orden, resolución** *o* **sentencia** *a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. […].*[10]

Nótese, que lo antes dicho está pensado para un caso en que cualesquiera de las partes **[demandante o demandado]** en rebeldía haya comparecido en autos. Lo cual, obliga al Secretario del Tribunal a notificarle de *toda* **orden, resolución** *o* **sentencia** *a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones*.

De su parte, la misma Regla 65.3(c) atiende el caso de una parte demandada en rebeldía que fue emplazada por edicto y que

---

[8] 32 LPRA Ap. V., R. 65.3 (a)(b). *Énfasis nuestro.*
[9] 32 LPRA Ap. V., R. 65.3 (c).
[10] *Íd. Énfasis nuestro.*

nunca haya comparecido en autos o de partes demandadas desconocidas:

> *[E]n el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste, debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado.*
>
> *Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado. […].*[11]

La referida Regla 65.3 (c) le impone al Secretario del Tribunal la obligación de expedir un aviso de notificación de sentencia por edicto, para que la parte demandante tramite la debida publicación. "*[U]na vez éste publica el edicto, tiene la obligación de acreditarlo ante el tribunal que emitió la sentencia conforme a lo dispuesto en la Regla 65.3 de Procedimiento Civil de 2009*".[12]

Referente al asunto de la notificación del edicto a las demás partes del pleito, nuestro Tribunal Supremo expresó, que dicha notificación es parte del debido proceso de ley.[13] En el *caso R&G Mortgage v. Arroyo Torres y Otros*,[14] el Alto Foro expresó que;

> *[e]so conlleva que el demandante tenga la obligación de notificar a los demás codemandados de la publicación de los edictos. **Si el tribunal y las partes no se enteran de que la publicación se realizó, se crea un ambiente de incertidumbre que perjudica el proceso y la estabilidad judicial.** Como ya hemos sostenido, no podemos dejar en las manos de una parte todo el control del proceso. Así, en los casos en que hay múltiples codemandados y sólo uno o algunos de ellos se encuentran en rebeldía, y éstos a su vez son notificados de la sentencia mediante edictos, **el demandante está obligado a notificar al tribunal y a los demás codemandados de la publicación de éstos.** Además, éstos tienen que ser notificados de la publicación del edicto simultáneamente, es decir, el mismo día en que éste sea publicado. De esta forma, protegemos el debido proceso de ley*

---

[11] *Íd. Énfasis nuestro.*
[12] *R&G Mortgage v. Arroyo Torres y Otros*, 180 DPR 511, 522 (2010).; *Véase, además*; 32 LPRA Ap. V., R. 65.3.
[13] *R&G Mortgage v. Arroyo Torres y Otros, supra*, a la pág. 524.
[14] *R&G Mortgage v. Arroyo Torres y Otros, supra.*

*de las partes y preservamos su derecho de poder ir oportunamente en revisión a un tribunal de mayor jerarquía.*[15]

Cónsono con lo anterior, al ser notificados de la publicación de edicto no se crea incertidumbre en el trámite procesal, protegemos el debido proceso de ley y preservamos el derecho de revisión.[16]

**-B-**

Es norma reiterada en nuestro ordenamiento, que: *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[17] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[18] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[19]

En ese sentido, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso por cualquiera de las instancias allí dispuestas, la cual reseñamos a continuación, en lo pertinente:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
> > *(1) que el Tribunal de Apelaciones carece de jurisdicción.*
> > *[. . .]*
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[20]

Nuestro Alto Foro Judicial ha indicado: *"[H]emos señalado, y hoy reiteramos, que las disposiciones reglamentarias sobre los recursos que se presentarán ante el Tribunal de Apelaciones se deben*

---

[15] *Íd.*, a la pág. 525. *Énfasis nuestro.*
[16] *Íd. Énfasis nuestro.*
[17] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[18] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[19] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[20] Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.

*observar **rigurosamente***".[21] En fin, las partes están **obligadas** a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y **no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo**.[22]

Un **recurso** tardío, al igual que uno **prematuro**, "*adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*", **por lo que debe ser desestimado**.[23] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[24]

**-III-**

Es forzoso concluir que este Tribunal apelativo carece de jurisdicción para atender los recursos presentados.

En este caso, el TPI dictó *Sentencia* el **6 de febrero de 2024**, sin embargo, su notificación fue enmendada en dos (2) ocasiones. Finalmente, la notificación fue archivada en autos el **8 de febrero de 2024**. Luego de ello, no surge que el DRNA —parte demandante— haya notificado tanto al TPI como a las demás partes del pleito, el cumplimiento de la publicación del edicto a las partes desconocidas y a la Sra. Judie Lieb. Al no presentar dicho cumplimiento —en los autos del TPI—, el DRNA creo un ambiente de incertidumbre e inestabilidad en el proceso judicial. Por lo que, afectó el derecho de revisión de las demás partes del caso.

Basado en lo antes expuesto, es forzoso concluir que este Tribunal apelativo carece de jurisdicción para atender el asunto en

---

[21] *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011) citando *Arriaga v. FSE* 145 DPR 122, 129–130 (1998).; *Véase, además; Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).; *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). *Énfasis nuestro.*

[22] *Íd. Énfasis nuestro.*

[23] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).; *SLG Szendrey-Ramos v. F. Castillo, supra,* pág. 883.

[24] *Íd.*

sus méritos, dado a que los recursos fueron presentados prematuramente. Corresponde devolver al TPI el caso epígrafe, esto para que el DRNA proceda con la notificación por edicto de la sentencia emitida el **6 de febrero de 2024** a las partes correspondientes. Luego de ello, notifique dicho cumplimiento al TPI y a las demás partes del pleito e inicie correctamente el término de revisión de la sentencia.

### -IV-

Por los fundamentos antes expresados, se ***desestiman*** los recursos de apelación *KLAN202400728, KLAN202400735, KLAN202400736, KLAN202400739, KLAN202400742,* y se devuelven al TPI para que se proceda conforme a la presente determinación.

Lo acuerda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones