Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ELIZABETH BOTHWELL<br><br>Peticionario<br><br>v.<br><br>GARAGE ISLA VERDE LLC<br><br>Recurrida | KLCE202500076 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de<br>Carolina<br><br>Caso Núm.:<br>CA2023CV02078<br><br>Sobre:<br>Despido<br>Injustificado Ley<br>80/ Ley 2,<br>Discrimen por<br>Género y Edad/ Ley<br>100, Represalias |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Comparece Elizabeth Bothwell (en adelante, peticionaria) mediante un *Recurso de Certiorari*, para solicitarnos la revisión de la *Resolución*, emitida el 16 de enero de 2025, y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, Tribunal de Instancia y/o foro primario).[1] Mediante la resolución recurrida, el foro primario declaró *No Ha Lugar* una *Moción de Relevo de Sentencia* presentada por la peticionaria. Inconforme con la referida determinación, la peticionaria acudió ante este Tribunal.

Comenzamos por expresar que esta es la *segunda* ocasión en que esta Curia recibe un recurso apelativo en el caso del título. En la *primera*, desestimamos el recurso por haberse presentado de manera tardía.[2]

---

[1] Anejo 1 del recurso.
[2] Véase, *Sentencia* del alfanumérico KLAN202401068.

Número Identificador

RES2025_____

Dicho lo anterior, y pasado un tiempo de presentado este recurso, que constituye el segundo, el 29 de enero de 2025, la parte recurrida presentó una *Moción de Desestimación de Certiorari por Falta de Jurisdicción.* En suma, alegó que la parte peticionaria no le notificó de su recurso de *certiorari* dentro del término que dispone la Regla 33(B) del Reglamento del Tribunal de Apelaciones.

En respuesta, el 3 de febrero de 2025, la parte peticionaria presentó *Moción en Oposición a la Solicitud de Desestimación.* En la misma, indicó que la notificación del *certiorari* fue realizada oportunamente, el 27 de enero de 2025, mediante correo electrónico a la señora Nancy Santiago, asistente legal de los abogados de la parte recurrida.

Sabido es que las partes no pueden soslayar injustificadamente el cumplimiento del reglamento del tribunal de apelaciones.[3] En ese sentido, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente.[4] De lo contrario, el incumplimiento con las referidas normas impedirá que el recurso presentado se perfeccione adecuadamente, privando de jurisdicción al foro apelativo.[5]

Particularmente, la Regla 33 (B) de nuestro Reglamento dispone que:

> La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación**, a los abogados o abogadas de récord, o en su defecto, a las partes,** así como al Procurador General o Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto.[6]

El recurso de *certiorari* ante nuestra consideración no fue notificado a la parte de recurrida, ni a sus abogados, según establece

---

[3] *Morán v. Marti,* 165 DPR 356, 364 (2005). (Cita depurada).

[4] *UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019); *Rojas v. Axtmayer Ent., Inc.* 150 DPR 560, 564 (2000).

[5] *Morán v. Marti,* supra, a la pág. 366.

[6] 4 LPRA Ap. XXII-B, R. 33 (B). (Énfasis Nuestro).

la regla antes mencionada. Ello, puesto a que, según indicó la parte peticionaria en reacción a la solicitud de desestimación instada por la parte recurrida, el referido recurso fue notificado a una presunta asistente legal de los abogados de la parte recurrida. Es decir, el recurso no fue notificado a la parte recurrida por conducto de la representación legal de récord.

Precisa señalar que del expediente ante nuestra consideración no se desprende ninguna documentación que acredite que, el correo electrónico al cual se notificó la presentación del presente recurso era el comúnmente utilizado por los abogados de la parte recurrida para este tipo de gestión y autorizado por la antedicha parte. Tampoco se desprende que la dirección de correo electrónico esbozada por la parte peticionaria correspondiera a la representación legal de récord de acuerdo con el Registro Único de Abogados (RUA).

De otra parte, enfatizamos que la parte peticionaria no expresó justa causa para su incumplimiento con la Regal 33 (B) de este tribunal. Es norma harta conocida que el foro apelativo, únicamente, tiene facultad para prorrogar un término de cumplimiento estricto cuando se acredita la justa causa para la dilación. En ausencia de lo anterior, el tribunal no tendrá discreción para prorrogar el aludido término.[7]

A tenor, no podemos llegar a otra conclusión que no sea que procede la desestimación del recurso, esta vez por haberse notificado de manera inoficiosa.

Por todo lo expuesto, desestimamos el presente recurso por incumplimiento con el Reglamento Tribunal de Apelaciones, específicamente con la Regla 33 (b).[8]

---

[7] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92-93 (2013).
[8] 4 LPRA Ap. XXII-B, R. 33 (B).

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones