Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| Estrella Commercial LLC<br><br>Apelada<br><br>vs.<br><br>**Luz C. Rojas Andino, como deudora; Romary Rodríguez Rojas**, Prenda & Marianne Pérez Matos, Jacob Rodríguez Pérez y Jaime Ann Rodríguez Pérez como Cotitulares Registrales; y los Estados Unidos de América p/c del Sr. W. Stephen Muldrow, Fiscal Federal para el Distrito de P.R. en la Corte de los Estados Unidos de América, como parte con Interés.<br><br>Apelantes | TA2026AP00090 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.:<br><br>CA2021CV01461<br><br><br>Sobre:<br><br>Cobro de Dinero, Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de febrero de 2026.

Comparece la Sra. Luz C. Rojas Andino y la Sra. Romary Rodríguez Rojas (parte apelante, conjuntamente), quienes nos solicitan la revocación de la Sentencia Sumaria, emitida el 4 de abril de 2025[1], por el Tribunal de Primera Instancia, Sala Superior de Carolina (foro primario o TPI). Mediante el referido dictamen, el foro primario declaró Con Lugar la Demanda sobre cobro de dinero y ejecución de hipoteca instada por Estrella Commercial LLC (Estrella Commercial o parte apelada), en contra de la parte apelante.

---

[1] Notificada 29 de diciembre de 2025.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, revocamos el dictamen apelado por los fundamentos que expondremos a continuación.

**I.**

El 30 de septiembre de 2024, Estrella Commercial LLC[2] instó una Demanda Enmendada[3] sobre cobro de dinero y ejecución de hipoteca en contra de la parte apelante. En síntesis, alegó que la Sra. Rojas Andino es deudora de un préstamo hipotecario, mientras que la Sra. Rodríguez Rojas, la Sra. Marianne Pérez Matos, el Sr. Jacob Rodríguez Pérez y la Sra. Jaime A. Rodríguez Pérez son cotitulares registrales de la propiedad objeto en litigio. Al respecto, adujo que la deudora no ha pagado el préstamo hipotecario. Por lo que, acumula una suma adeudada de $102,341.34 en concepto de principal, más la cantidad de $85,021.22 por los intereses vencidos, entre otras partidas relacionadas.

Luego de una serie de acontecimientos procesales, el 13 de marzo de 2025, la parte apelada presentó una Moción de Sentencia Sumaria.[4] En esta, señaló que no existe controversia respecto a que el 30 de junio de 2014, la Sra. Rojas Andino obtuvo del antiguo Banco Santander Puerto Rico un plan de pago para el préstamo en cuestión.[5] Igualmente, indicó que tampoco hay controversia en cuanto a que la deudora consintió el pagaré hipotecario por la suma de $175,000. Por último, precisó que la Sra. Rojas Andino no ha satisfecho la totalidad del préstamo

---

[2] Originalmente, el 14 de junio de 2021, Santander Financial Services Inc. incoó la Demanda en contra de la Sra. Rojas Andino y el fiscal federal, el Sr. Stephen Muldrow. Con posterioridad, Luna Commercial II sustituyó a Santander. No obstante, continuados los procedimientos, el foro primario autorizó que Estrella Commercial sustituyera a Luna Commercial.

[3] La entidad apelada enmendó la presente reclamación para incluir a los codemandados de epígrafe.

[4] La parte apelada adjuntó a su escrito la siguiente documentación: (1) Acuerdo, (2) Pagaré Hipotecario, (3) Escritura de Hipoteca, (4) Certificación Registral, (5) Estudio de Título, y (6) Declaración Jurada

[5] Según alegó la parte apelada, dicho plan se otorgó mientras se finiquitaban los trámites relacionados con la Sucesión de José Rodríguez Aquino, difunto esposo de la deudora.

comercial, por lo cual adeuda la cantidad de $102,341.34 en concepto del principal, más la cantidad de $87,880.07 por los intereses vencidos, y $2,032.37 por razón de los cargos, entre otros extremos.

Ante tales alegaciones, en igual fecha, la Sra. Rojas Andinos y la Sra. Rodríguez Rojas radicaron su Contestación a la Demanda Enmendada. En esencia, la parte apelante manifestó que contrajo obligaciones con el Banco Santander de Puerto Rico, y no con la entidad apelada. Por tanto, razonó que desconoce si esta última posee legítimamente el pagaré. Arguyó, además, que las partes negociaron un acuerdo para ajustar la deuda y permitir su pago oportuno, lo cual produjo una reducción menor a la cantidad reclamada.

**En vista de la solicitud de sentencia sumaria, el foro primario notificó una Orden el 14 de marzo de 2025, en la cual le concedió a la parte apelante 20 días para presentar su posición.**

No obstante, vencido el término, el 4 de abril de 2025, Estrella Commercial interpuso una Moción Solicitando Se Tenga por Sometida Sin Oposición Moción de Sentencia Sumaria. Ahora bien, durante ese mismo día, la parte apelante presentó una Moción Informativa y de Prórroga, amparada en la siguiente justificación brindada por su representante legal:

> *1- El abogado que suscribe ha padecido de unos problemas de salud que lo han limitado en sus tareas consuetudinarias.*
>
> *2- Como consecuencia he estado ausente de la oficina algunos días.*
>
> *3- Por tal razón, se solicita del tribunal conceda al suscribiente una prórroga de una semana para completar los asuntos que están pendiente en el caso de autos.*[6] (Énfasis nuestro).

---

[6] Entrada 103 del SUMAC TPI, a la pág. 1.

**Examinada su solicitud, el 4 de abril de 2025, el foro primario dictó una Orden, notificada el 7 de abril de 2025, en la cual otorgó a la parte apelante 15 días adicionales para responder a la moción de sentencia sumaria.**

No obstante, en igual fecha, el TPI también emitió una Sentencia intitulada Determinaciones de Hechos, Conclusiones de Derecho y Sentencia Sumaria (Sentencia Sumaria, en adelante), notificada el 29 de diciembre de 2025.[7]   En virtud de este dictamen, declaró Con Lugar la Demanda Enmendada sobre cobro de dinero y ejecución de hipoteca.   Respectivamente, formuló las siguientes determinaciones de hechos incontrovertidos:

*1. El 30 de junio de 2014, el extinto Banco Santander Puerto Rico le concedió a Rojas Andino un plan de pago para el Préstamo Comercial #7004147302, con un balance de $112,175.24 al 30 de mayo de 2014, a 12 meses, el cual devengaría intereses a razón de 6.5% anual fijo ("el Préstamo Comercial #7004147302").*

*2. Como colateral para asegurar el pago y cumplimiento puntual de sus obligaciones bajo el Préstamo Comercial #7004147302, Rojas Andino ratificó y/o renovó la siguiente garantía prendaria hipotecaria ("la garantía prendaria hipotecaria"):*

*Gravamen prendario sobre Pagaré Hipotecario por la suma principal de $175,000.00 a favor de Banco Santander Puerto Rico, o a su orden, con intereses a razón de 10% anual fijo y vencimiento a la presentación, garantizado mediante hipoteca constituida en virtud de la Escritura #76, otorgada en San Juan, Puerto Rico el día 30 de junio de 1994, ante el Notario Público Baldomero A. Collazo Torres, sobre una propiedad hoy perteneciente exclusivamente a la Deudora, la cual inscrita al Folio #236 del Tomo #240*

---

[7] Conviene explicar que, el 21 de agosto de 2025, este foro intermedio de apelaciones desestimó mediante una Sentencia (TA2025AP00034), el recurso interpuesto por las apelantes, en el cual solicitaron la revisión de la Sentencia Sumaria. En este dictamen desestimatorio, este Tribunal de Apelaciones resolvió que la Sentencia Sumaria del 4 de abril de 2025, originalmente notificada el 11 de abril de 2025, no se notificó a la Sra. Jaime Ann Rodríguez Pérez, por lo que, no empezó a transcurrir el término para recurrir a nivel apelativo. No obstante, previo a que se emitiera el mandato del dictamen apelativo, el TPI emitió una Orden el 28 de agosto de 2025, en la cual decretó que se notificara correctamente a la Sra. Rodríguez Pérez. Sin embargo, cuando las apelantes acudieron por segunda vez ante nos, este tribunal revisor desestimó el 30 de septiembre de 2025 su recurso, mediante la Sentencia (TA2025AP00385), toda vez que el foro primario dictó la referida Orden, sin que se hubiera expedido el mandato a tales efectos.  Finalmente, el 30 de octubre de 2025, se remitió al TPI el mandato del caso TA2025AP00034. Con posterioridad, el 18 de diciembre de 2025, se expidió el mandato del caso TA2025AP00385. Tras estas incidencias procesales, el TPI notificó correctamente la Sentencia Sumaria el 29 de diciembre de 2025.

de Carolina, Finca #9,185, Registro de la Propiedad de Puerto Rico, Sección Primera (I) de Carolina.

3. La garantía prendaria hipotecaria aludida grava la siguiente propiedad inmueble ("la Propiedad"):

Urbana: Solar radicado en la Urbanización Valle Arriba Heights, segunda Sección, situada en el Barrio Sabana Abajo de Carolina, marcado con el número 2 de la Manzana AA, con cabida de quinientos diecinueve punto ochenta y seis (519.86) metros cuadrados y en lindes por el NORTE, con Calle Treinta (30), en dieciocho punto veintiséis (18.26) metros y un arco de siete punto veintitrés (7.23) metros y un radio de cuatro punto sesenta (4.60) metros; por el SUR, con la Avenida Monserrate en veintidós punto ochenta y seis (22.86) metros; por el ESTE, con solar tres (3) y parte de la Calle Treinta (30), en dieciocho punto treinta y seis (18.36) metros y un arco de siete punto veintitrés (7.23) metros y un radio de cuatro punto sesenta (4.60) metros; y por el OESTE, con solar uno (1), en veintidós punto noventa y dos (22.92).

Enclava una casa.

En la inscripción primera (1ra.) se expresó que se aprueba la segregación con cabida de quinientos dieciocho punto setenta y uno (518.71) metros cuadrados y con las medidas lineales por el NORTE, en dieciocho punto quince (18.15) metros; por el SUR, en veintidós punto setenta y cinco (22.75) metros; por el ESTE, en catorce punto setenta y cinco (14.75) metros; y por el OESTE, en veintitrés punto cero (23.00) metros.

Consta inscrita al Folio Doscientos Treinta y Seis (236) del Tomo Doscientos Cuarenta (240) de Carolina. Finca Número Nueve Mil Ciento Ochenta y cinco (9,185). Registro de la Propiedad de Puerto Rico, Sección Primera (I) de Carolina.

4. La Propiedad consta hoy debidamente inscrita a favor de Rojas Andino y los Cotitulares Registrales.

5. El gravamen inmobiliario aludido en el párrafo "2" anterior consta debidamente inscrito como "inscripción 7ma" de la Propiedad.

6. USA, por información y/o creencia, tiene anotado un gravamen federal en rango posterior sobre Propiedad.

7. La demandante es la actual tenedora de buena fe y poseedora por causa onerosa y/o mediante endoso del Pagaré Hipotecario por $175,000.00 aludido en el párrafo "2" anterior (la garantía prendaria hipotecaria).

8. Rojas Andino no ha satisfecho la totalidad del Préstamo Comercial #7004147302, por lo cual adeuda a la demandante la cantidad de $102,341.34 por concepto de principal, más la cantidad de $87,880.07 por concepto de intereses vencidos, más la cantidad de $2,032.37 por concepto de cargos, más la cantidad de

*$17,500.00 estipulada para costas, gastos y honorarios de abogado, para una suma total de $209,753.78 al 14 de marzo de 2025, más cualquier otra cantidad por cargos y recargos que se acumulen hasta la fecha de su total y completo pago.*

*9. Las sumas reclamadas por la demandante a Rojas Andino en relación con el Préstamo Comercial #7004147302 están vencidas, son líquidas y exigibles. 10. La demandante ha realizado gestiones de cobro a Rojas Andino en relación con Préstamo Comercial #7004147302, resultando estas infructuosas.*

*11. Por el incumplimiento contractual de Rojas Andino en relación con el Préstamo Comercial #7004147302, la demandante ha optado por proceder a su cobro por la vía judicial.[8]*

Inconforme, el 26 de enero de 2026, la parte apelante recurrió ante nos mediante un escrito intitulado Apelación Civil, en el cual esbozó el siguiente señalamiento de error:

*Erró el Tribunal de Primera Instancia al dictar Determinaciones de Hechos, Conclusiones de Derecho y Sentencia Sumaria a favor de la parte apelada, previo a vencer el término que el mismo tribunal había concedido a las apelantes para expresarse. Dicho error viola el debido proceso de ley.*

Sometido su recurso, el 27 de enero de 2026, emitimos una Resolución, en la cual concedimos a la parte apelada hasta el 18 de febrero de 2026 para someter su oposición. De conformidad con nuestro decreto, Estrella Commercial presentó su Alegato en Oposición.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente al caso ante nuestra consideración.

**II.**

**A.**

Es norma reiterada que, la sentencia sumaria es la herramienta procesal que procura la solución rápida, justa y económica de aquellos casos en los que no existen hechos materiales en controversia que ameriten la celebración de un

---

[8] Entrada 106 del SUMAC TPI, a las págs. 2-3.

juicio. *Soto y otros v. Sky Caterers,* 2025 TSPR 3, 215 DPR ___ (2025); *Oriental Bank v. Caballero García,* 212 DPR 671, 678 (2023). A tales efectos, la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, permite la presentación de una moción de sentencia sumaria respaldada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Oriental Bank v. Perapi et al.,* 192 DPR 7, 25 (2014); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013).

Cónsono con lo anterior, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. 3, instaura los requisitos de forma en cuanto a esta moción y su respectiva oposición. Véase, además, *Universal Ins. y otro v. ELA y otros,* 211 DPR 455, 472 (2023). **En lo pertinente a este recurso, el inciso (b) de la precitada disposición reglamentaria establece que la contestación a la moción de sentencia sumaria deberá ser presentada dentro del término de 20 días a partir de su notificación**. 32 LPRA Ap. V, R. 36. 3.

No obstante, es menester explicar que, este término puede estar sujeto a prórroga. Sobre este particular, la Regla 6.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.6, dispone lo siguiente:

> *Toda solicitud de prórroga deberá acreditar la existencia de justa causa con explicaciones concretas debidamente fundamentadas. Cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita y hacerse conforme lo establece la Regla 68.2. El término de la prórroga comenzará a transcurrir al día siguiente del vencimiento del plazo cuya prórroga se solicita.*

Ahora bien, la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2, permite, a modo excepcional, conceder una prórroga cuando ya ha vencido el término siempre y cuando la parte interesada demuestre que existe justa causa:

> *Cuando por estas reglas, por una notificación dada en virtud de sus disposiciones o por una orden del tribunal*

*se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) ordenar, previa moción o notificación, o sin ellas, que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o **(2) permitir, en virtud de moción presentada después de haber expirado el plazo especificado, que el acto se realice si la omisión se debió a justa causa,** pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en éstas bajo las condiciones en ellas prescritas.* (Énfasis nuestro).

Respecto a los términos estrictos, el Tribunal Supremo de Puerto Rico ha precisado que "los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden, por lo tanto, proveer el remedio que estimen pertinente, extendiendo el término según las circunstancias". *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 881 (2007); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). No obstante, la concesión de una prórroga depende de que medie una justa causa. Por lo que, ante la falta de justa causa o excusas vagas y generales, los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 741, 751 (2023); *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 170 (2016).

### III.

En el recurso de epígrafe, la parte apelante señala que el foro primario erró al dictar Sentencia Sumaria, sin brindarle la oportunidad de exponer su posición. Detalla que el TPI le concedió una prórroga de 15 días adicionales, mediante la Orden emitida el 4 de abril de 2024. No obstante, precisa que el mismo 4 de abril, el tribunal apelado dictó la Sentencia Sumaria[9], a pesar de que le otorgó la prórroga peticionada. Argumenta que tal proceder incide

---

[9] Notificada el 29 de diciembre de 2025.

en su debido proceso de ley, por lo que, nos solicita la revocación del referido dictamen.

Por su parte, Estrella Commercial aduce que el tribunal sentenciador actuó correctamente al acoger su moción de sentencia sumaria. Razona que la parte apelante no demostró que existía justa causa para prorrogar el término relativo a la presentación de su oposición. Por tanto, nos peticiona que confirmemos el dictamen cuestionado.

Evaluado sosegadamente el recurso presente, determinamos que el foro primario incidió al dictar Sentencia Sumaria sin permitirles a las apelantes presentar su oposición, a pesar de que les concedió un término adicional a tales efectos. Adelantamos que tal actuación contraviene con el debido proceso de ley que ampara a dicha parte, en virtud de la Regla 36.3(b) de Procedimiento Civil, *supra.* Veamos.

Surge del expediente ante nos que, el 14 de marzo de 2025, el TPI dispuso que las codemandadas, aquí apelantes, tenían el término de 20 días para replicar la solicitud de sentencia sumaria presentada por Estrella Commercial. No obstante, vencido dicho término, la parte apelante presentó una Moción Informativa y de Prórroga el 4 de abril de 2025. En esta, indicó que su representante legal se encontraba indispuesto de salud, lo cual impidió el cumplimiento del referido término.[10] Por tanto, amparada en esa justa causa, solicitó un plazo adicional de una semana para acatar la orden judicial, según lo permite la Regla 68.2 de Procedimiento Civil, *supra,* en atención a los términos vencidos.

En vista de esa petición, ese 4 de abril, el foro primario les otorgó a las apelantes el término de 15 días adicionales para someter su oposición. Sin embargo, contradictoriamente, el día en

---

[10] Entrada 103 del SUMAC TPI, a las págs. 1-2.

que concedió la prórroga emitió también la Sentencia Sumaria, objeto de revisión. Ante tales circunstancias, nos corresponde intervenir en el dictamen impugnado por resultar contrario a derecho, pues se emitió a destiempo, es decir, previo a que se sometiera el escrito de oposición. Por tanto, concluimos que el TPI erró al dictar Sentencia Sumaria, sin proveerle a la parte apelante el término correspondiente para presentar su oposición, a pesar de que esta solicitó prórroga, demostró que existía justa causa, y consecuentemente, se acogió su petición a tales fines.

En virtud de lo anterior, revocamos el dictamen apelado, toda vez que contraviene con el derecho a presentar oposición, dispuesto en la Regla 36.3(b) de Procedimiento Civil, *supra.* Por consiguiente, la Sra. Rojas Andino y la Sra. Rodríguez Rojas deberán someter su oposición ante el foro primario, dentro del término de 15 días, a partir de la notificación de esta Sentencia. Una vez la parte apelante presente dicho escrito, el TPI estará en posición para atender la moción de sentencia sumaria y su respectiva oposición, según corresponda en derecho.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de esta Sentencia, revocamos la Sentencia Sumaria, emitida el 4 de abril de 2025[11], por el Tribunal de Primera Instancia, Sala Superior de Carolina. **Por consiguiente, la Sra. Luz C. Rojas Andino y la Sra. Romary Rodríguez Rojas deberán someter su oposición ante el foro primario dentro del término de 15 días, a partir de la notificación de esta Sentencia**. Una vez la parte apelante presente dicho escrito, el Tribunal de Primera Instancia, Sala Superior de Carolina estará en posición para atender la moción de sentencia sumaria y su respectiva oposición, según

---

[11] Notificada el 29 de diciembre de 2025.

corresponda en derecho. Se devuelve el caso al foro primario para la continuación de los procedimientos conforme aquí lo resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones